ADKINS, Justice.
By petition for writ of certiorari pursuant to Fla.Stat. § 350.641, F.S.A., we have for review an order of the Public Service Commission granting permanent authority to J-W Moving & Storage, Inc., to carry household goods in Pasco and Pinellas counties, with equipment domiciled at Largo. The Commission’s order reversed the recommendation of the hearing examiner.
The facts of this case are as follows: Applicant J-W Moving & Storage, Inc. requested temporary and permanent authority from the Public Service Commission to operate as a motor common carrier of household goods between points in Pasco and Pinellas counties with equipment domiciled at Largo. The hearing examiner conducted a public hearing, made findings of fact, and recommended denial of the application for permanent authority. The Commission denied the application as to temporary authority, but entered an order granting permanent authority to J-W Moving & Storage, Inc. to carry household goods. This petition followed to review that order.
Petitioners urge several questions on this Court. All reduce to a single issue: Whether the Commission’s order is supported by competent, substantial evidence. It is settled law that a reviewing court will *52 not overturn the decision of a Florida administrative agency, if that decision is supported by competent, substantial evidence in the record, and if the decision is not arbitrary or unreasonable. Florida Rate Conference v. Florida Railroad and Public Utilities Commission, 108 So.2d 601 (Fla.1959).
Petitioners urge in this Court as they urged before the hearing examiner and the Commission, that J-W Moving & Storage, Inc. is attempting to establish its business in an area already adequately served. This question was decided adversely to petitioners by both the hearing examiner and the Commission. The issue turns on the amount and nature of proof which the applicant must make. Where an application is sought to service an area already served, the standards must be applied which were delineated by this Court in Wells Fargo Armored Service Corp. v. Mason, 196 So.2d 419 (Fla.1966). This is to say, the applicant must prove that his proposed service is necessary as well as desirable for the public, that existing service is inadequate, and that the granting of a new certificate would not adversely affect existing carriers. The hearing examiner and Commission concluded that applicant’s burden of proof in this case was that announced by this Court in Fogarty Brothers Transfer, Inc. v. Boyd, 109 So.2d 883 (Fla.1959), a case which concerned a new domicile point for a carrier with authority to serve intrastate points. This Court stated that
“[T]he degree of proof necessary to establish the requisite public convenience and necessity for a new domicile point will be less exacting than that required of a carrier upon application for an original certificate or an extension of existing service.” (Page 890)
Examination of the record, and of the examiner’s recommendation and the Commission’s order, persuades that sufficient competent evidence was presented to justify use of the proof standard announced in Fogarty Brothers Transfer, Inc. v. Boyd, supra, rather than the more difficult standard announced in Wells Fargo Armored Service Corp. v. Mason, supra. The order is not arbitrary or unreasonable, and is entitled as to this issue to be left undisturbed by this Court.
A related question is whether the Commission erred in reversing the finding of the hearing examiner, who concluded that the applicant had not supported his application with substantial, competent evidence establishing the requisite public convenience and necessity to support the grant of the requested permanent authority. The examiner noted that the applicant’s three witnesses testified generally as to growth of Pasco County, without proving specific growth and without showing any actual need for transportation or criticism of existing carriers. The examiner noted that the applicant had refused requests for service due to lack of authority to carry household goods, but did not introduce evidence to show existing carriers did not properly or adequately service these requests. The examiner concluded that carrier’s convenience and county growth are not sufficient to warrant a new certificate, unless it is shown that existing carriers have not rendered reasonable and satisfactory service.
In reversing the examiner’s recommendation, the Commission considered the evidence in the record of increasing popularity of condominiums (which requires carriage of household goods from single-family residences), of the growth of Pasco County, and also noted that the applicant’s equipment was more modern and that the service by existing carriers “is relatively limited and cannot compare with the type of facilities and the proposed service by the applicant.” The Commission also concluded the service area was not saturated with household goods carriers, since none domiciled equipment in Largo. The Commission found that the applicant intended to serve northern Pasco County for relatively short movements, which “are economically *53 unfeasible for most of the carriers domiciled in St. Petersburg and Tampa.” The Commission took notice that household carriers have difficulty in obtaining testimony of dissatisfied shippers since they have generally moved away. The Commission also recognized that at certain times of year, shippers have difficulty securing service, particularly on light-weight and short-distance moves. On this basis, the Commission ordered that a certificate of public convenience and necessity be granted.
In seeking reversal of this order,
“The petitioners have the burden of showing that the challenged orders are illegal or unauthorized and do not accord with the essential requirements of the law.” Fogarty Brothers Transfer, Inc. v. Boyd, 109 So.2d 883, 891 (Fla.1959).
Petitioners must do more than show that the evidence might support a different result; they must carry the burden of bringing their case within the ambit of review announced by this Court in Fogarty Brothers Transfer, Inc. v. Boyd, supra, which
“[I]s limited to a determination whether the order is illegal as a matter of law, or was made without observing statutory provisions governing procedure, or whether in its operation the order will violate organic or fundamental rights, or whether the order is merely arbitrary without sufficient support in the evidence.” (Page 890)
It is the conclusion of this Court that no showing of error has been made to justify judicial interception of the order here for review. The writ of certiorari is therefore denied.
It is so ordered.
CARLTON, Acting C. J., and BOYD and McCAIN, JJ., concur.
DEKLE, J., dissents.