287 So.2d 558 (1973)
In re STATE of Louisiana in the Interest of Antria Keyle CURLEY et al.
No. 9624.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 11, 1974.
*559 Johnnie A. Jones, Baton Rouge, for appellant.
Dudley P. Spiller, Jr., Legal Aid, Baton Rouge, for the Curley children.
Wm. Sullivan, Probation Officer, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and TUCKER, JJ.
SARTAIN, Judge.
This is a juvenile proceeding in which three children, ages thirteen, twelve and eleven, were adjudicated neglected and placed in the temporary care, custody and control of their maternal aunt and uncle. The judgment of adjudication was read, rendered and signed on the 16th day of May, 1972. On the 31st day of May, 1972, Mrs. Doris Nabor Curley, mother of the children, petitioned for and was granted a devolutive appeal "upon her furnishing bond with good and solvent surety, conditioned as the law directs in the amount of One hundred dollars ($100.00) DOLLARS,". The bond was filed on July 10, 1972.
The three children filed the instant motion to have their mother's appeal dismissed on the grounds that the application for an appeal and the posting of the bond were not timely.
At the outset, we deem it necessary to say that the motion itself by the juveniles cannot be accepted as an appearance on their behalf because said juveniles are incapable of appearing individually but must be represented by their duly appointed and confirmed administrator or tutor. However, the question of the timeliness of the application for an appeal and the prerequisite of a bond are jurisdictional matters which this court must consider and does so ex proprio motu.
The fact that the bond itself was filed approximately two months after the signing of the judgment is immaterial because no bond is required for the perfection of an appeal in a juvenile matter. The pertinent statutes relative to juvenile matters, L.R.S. 13:1571 et seq., contain no provisions for the necessity of furnishing bond as a requisite to the perfection of an appeal. A juvenile matter is neither civil nor criminal, but is sui generis.
The applicable statute providing for an appeal in a juvenile matter, be it delinquency or neglect, is L.R.S. 13:1591. The statute in effect at the time the instant judgment was signed reads as follows:
"§ 1591. Appeals
"Appeals shall lie to the supreme court of the State of Louisiana, from all final judgments rendered by the juvenile court. An appeal shall lie on questions *560 of law and of fact when the judgment of the court affects the custody, care or control of children under seventeen years of age, but such appeal shall be devolutive unless the supreme court shall so order. An appeal also shall lie on questions of law and of fact on both interlocutory and final judgments in adoption proceedings. In all other cases an appeal shall lie on questions of law alone. Appeals from any final judgment of a juvenile court must be taken within ten days after said judgment is signed, except that in adoption proceedings appeals shall be taken as is provided by law. As substituted Acts 1950, No. 82, § 2." [1] (Emphasis ours)
The record before us clearly reflects that the significant dates are May 16, 1972, the date of the signing of the judgment, and May 31, 1972, the date of the motion for appeal. Thus, appellant did not seek an appeal within the ten day period but instead waited until the fifteenth day to do so.
We fully recognize that appeals are to be favored in law and should not be dismissed on purely technical grounds. However, L.R.S. 13:1591 is very clear and specific in its requirement that all appeals from a judgment of a juveniel court must be taken within ten days.
This is a matter relating to the custody of children and it is within the rights of the appellant to petition the juvenile court for a review of the facts which led to the adjudication of neglect, and present to the court evidence showing a change of circumstances which would warrant the return of the children to her.
Accordingly, for the above reasons, appellant's appeal is dismissed.
Appeal dismissed.
NOTES
[1] Subsequently amended by Act No. 714 of 1972 which increased the delay to fifteen days.