294 So.2d 315 (1974)
STEWART BONDED WAREHOUSE, INC., et al., Petitioners,
v.
William H. BEVIS et al., Respondents.
No. 44553.
Supreme Court of Florida.
March 20, 1974.
Rehearing Denied June 7, 1974.
Hugo C. Edberg of Hill, Hill & Dickenson, Tampa, for petitioners.
Prentice P. Pruitt and L. Keith Pafford, Florida Public Service Commission, and David B. Erwin of Mason & Erwin, Tallahassee, for respondents.
DEKLE, Justice.
This cause comes before us on petition for writ of certiorari to the Florida Public Service Commission (hereafter referred to as "the PSC"), seeking review of its order on reconsideration granting to Allen Bonded Warehouse (hereafter referred to as "the applicant") a certificate of public necessity and convenience for the transportation of household goods between points in Pinellas, Pasco, Hillsborough and Manatee *316 counties and all points in Florida. Art. V, § 3(b)(3), Fla. Const., F.S.A. and F.S. § 350.641, F.S.A. extend jurisdiction.
The applicant, whose previous state-wide certificate had been sold during a previous bankruptcy, had, prior to the application which gives rise to this action, a certificate of public necessity and convenience for transportation of household goods, but this certificate was limited to the four counties above-mentioned; the present application was for an extension of its certificate to authorize service to the entire state. This application was opposed by no less than seventeen motor carriers having authority to transport household goods, including our present petitioners.
A two-day hearing before an examiner was held in Tampa, at which the applicant produced only five public witnesses. One of these witnesses was a Chamber of Commerce representative from New Port Richey and another a Chamber of Commerce representative from Clearwater; both of these witnesses testified generally as to population growth in certain portions of the 4-county area, but neither had any specific knowledge as to the adequacy of household goods moving in the area. A third witness testified that, in connection with an attempt to help his daughter move from Dunedin to Miami, he had contacted four of the thirty-four household goods movers in the area, including the applicant, and was told that none of these four movers could provide the desired five or six day delivery of the small shipment involved (less than a full load); his testimony also revealed that only one of the four movers this witness contacted was authorized to engage in this move. Further testimony revealed the existence of no less than fourteen other movers in Pinellas County having state-wide authority at the time of the hearing, one of whom testified that he could have handled this shipment in three days, had he been contacted.
A fourth public witness testified as to difficulties she had experienced in a move from Clearwater to Miami, but it developed that her complaint was not against a mover in the Pinellas County area, but was due to difficulty she had encountered with a mover from Miami. The final public witness was a local carrier who generalized about the services of existing household goods carriers in the Clearwater area; his testimony was later characterized by the PSC as "not specific enough to allow rebuttal" and as having no probative value.
Following the hearing, the examiner made his report, recommending that the application be denied. Applicant filed exceptions, but the PSC upheld the hearing examiner and denied the application on March 22, 1973. In this order, the PSC expressly discussed the testimony outlined above, recognized that the applicant's burden of proof is somewhat "relaxed" in a household goods carrier case, and specifically took into consideration the difficulties often encountered in finding a public witness to support such an application. The PSC then found that "the evidence presented by the applicant falls short of proving public convenience and necessity in this case."
A petition for reconsideration was filed and on October 2, 1973, the PSC completely reversed its prior position and granted the application. In its brief order granting the application the only reasons cited for this sudden change of position were:
(1) That the evidence discussed above had been reconsidered in light of the "relaxed" standard of proof for household goods carriers' applications (a facet already considered), and
(2) that extraordinary population growth in a mobile society tends to lessen the adverse impact on existing carriers.
This order did not include any new findings of fact, nor did it recede from the findings made in the previous order; it merely stated that the PSC changed its *317 mind upon re-examining the evidence in light of the "relaxed" standards applicable  which were the very same standards which the PSC stated it was following when it entered its original order denying the application. We are now asked to determine if the order on reconsideration is proper. Hardly.
The first issue presented is whether the PSC's finding of public necessity and convenience upon such reconsideration is supported by competent, substantial evidence under the applicable "relaxed" standards first set forth in Fogarty Brothers Transfer, Inc. v. Boyd, 109 So.2d 883 (Fla. 1959), and applied to household goods carriers' applications in Allen Bonded Warehouse, Inc. v. Mayo, 247 So.2d 51 (Fla. 1971). We find that it is not supported by competent, substantial evidence, even under this "relaxed standard."
In Blocker's Transfer & Storage Co. v. Yarborough, 277 So.2d 9 (Fla. 1973), we reversed a PSC granting of state-wide authority to move household goods where there was not one scintilla of evidence to show public necessity and convenience; in doing so, however, we did not intend to imply, as applicant seems to believe, that one scintilla of evidence would be sufficient. It is not. As was stated in Allen, supra, when an application involves an area already served, the applicant must prove that his proposed service is necessary as well as desirable for the public, that existing service is inadequate, and that granting of a new certificate would not adversely affect existing carriers. Although the standard of proof required in household goods carriers cases is "relaxed," there still must be reasonable supportive evidence presented. This applicant has failed to meet that standard.
As noted above, the order on reconsideration purports to be based on a re-examination of the evidence pursuant to this "relaxed" standard. However, this is the same standard which the PSC itself had applied in its original order denying the application, as is shown on the face of that order. The PSC made no new findings of fact in its second order (despite the provisions of the Administrative Procedures Act and the Commission's own Rule 25-2.116), nor did it state any reason for granting reconsideration.
The granting of a petition for reconsideration should not be based upon an arbitrary feeling that a mistake may have been made, but should be based upon specific factual matters set forth in the record and susceptible to review. Granting of reconsideration is somewhat analogous to a trial court granting a new trial following rendition of a verdict; the reasons for doing so must be set forth so as to be susceptible to review. See Laskey v. Smith, 239 So.2d 13 (Fla. 1970); Hodge v. Jacksonville Terminal Co., 234 So.2d 645 (Fla. 1970); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). The only basis for reconsideration noted in the instant cause was the reweighing of the evidence discussed above. This is not sufficient.
In its order on reconsideration, the PSC dealt with the question of adverse impact by simply stating that population growth would tend to lessen the adverse impact on existing carriers. No facts were shown to support this conclusion, and the current restriction on petroleum products, especially gasoline and other fuels, tends to undermine any assumption that this state will continue to enjoy the high population growth rates of the past decade. Even if continuing growth could be safely assumed, the PSC merely stated that this would tend to lessen the adverse impact on existing carriers. No factual support is made to appear.
Unlike the situation in Tamiami Trail Tours, Inc. v. King, 143 So.2d 313 (Fla. 1962), it is clear that the PSC considered the issue of adverse impact; however, this was done in the instant case in a manner improperly shifting the burden of proof to the objecting carriers. While the burden of going forward with the evidence *318 as to the issue of adverse impact may shift in any particular case, the burden of proof remains on the applicant. In this cause, there was positive evidence of adverse impact by seven of nine protesting carriers which was met only with vague testimony of population growth. Even under the applicable "relaxed" standard, the applicant failed to carry its burden of proof on this issue.
F.S. § 323.03(3)(a), F.S.A. requires the PSC to consider such adverse impact; F.S. § 323.03(3)(c), F.S.A. is even more specific, requiring the applicant to show that existing carriers fail to provide reasonably adequate facilities and services. One of the purposes of the requirements of F.S. § 323.03, F.S.A. is to prevent a monopoly situation but an equally important purpose is to protect the public by precluding financially-ruinous duplications of service which could only cause economic collapse to all concerned.[1]
To recapitulate, the PSC's order on reconsideration, granting the application, was not supported by competent, substantial evidence of public necessity and convenience, improperly omitted the specific findings of fact required by both its own rules and the Administrative Procedures Act, and improperly shifted the burden of proof on the issue of adverse impact on existing carriers to the protesting carriers; additionally, there was no proper showing of cause to grant a reconsideration of the application. In view of this, we need not reach the further substantial question of the applicant's qualifications under the additional challenges that the PSC erred in failing to consider applicant's past history as a carrier and its alleged financial instability and illegal hauling practices which could disqualify the applicant as well.
The order of the Public Service Commission granting the application is hereby reversed, and the cause remanded to the Florida Public Service Commission with instructions to reinstate its initial order denying the certificate.
It is so ordered.
ADKINS, C.J., ROBERTS and McCAIN, JJ., and HENDRY, District Court Judge, concur.
ERVIN and BOYD, JJ., dissent.
NOTES
[1] Southern Armored Service, Inc. v. Mason, 167 So.2d 848 (Fla. 1965); Fleet Transport Co. of Fla. v. Mason, 188 So.2d 294 (Fla. 1966); Central Truck Lines v. Railroad Commission, 118 Fla. 555, 160 So. 26 (1935).