294 So.2d 517 (1974)
In the Interest of the Minor, Leonard Keith JACKSON.
No. 54203.
Supreme Court of Louisiana.
April 29, 1974.
Francis L. Morris, Morris & Maxwell, Philip R. Johnson, Metairie, for Kenneth Jackson, applicant.
Dominick Savona, Jr., Harvey, for respondent.
SANDERS, Chief Justice.
This is a Juvenile Court proceeding, raising procedural questions concerning the appeal.
A probation officer filed a proceeding in the Juvenile Court for the Parish of Jefferson seeking to have the child, Leonard Keith Jackson, decreed abandoned by his father and the father's parental rights terminated. The Juvenile Court rendered judgment on June 4, 1973, terminating the father's parental rights. On June 12, 1973, the father, Kenneth Jackson, appealed devolutively but the appeal was erroneously made returnable to the Supreme Court of Louisiana, rather than the Court of Appeal. *518 The order granting the appeal fixed an appeal bond in the sum of $200.00. The bond was never furnished.
After the error in the appeal was discovered, the Juvenile Court, on July 30, 1973, granted a second devolutive appeal to the Fourth Circuit Court of Appeal. The Court of Appeal, on its own motion, dismissed the appeal, holding that the Juvenile Court lacked jurisdiction to grant the second appeal. On application of the appellant, we granted certiorari to review the judgment of the Court of Appeal. La., 286 So.2d 657.
No costs of court are assessable in an abandonment proceeding in Juvenile Court. LSA-R.S. 13:1585; In Re State in the Interest of Fischbein, La.App., 194 So. 2d 388, cert. den. 250 La. 633, 197 So.2d 652. A devolutive appeal bond secures the payment of costs. LSA-C.C.P. Art. 2124. Because no costs are assessable, no appeal bond is required in abandonment proceedings. Hence, upon the granting of the first order of appeal, the Juvenile Court was divested of jurisdiction.
Article 2088 of the Louisiana Code of Civil Procedure provides:
"The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to: ... (Eight exceptions are listed, none of which are pertinent here.) [Italics ours].
Although the record of the case was never lodged in this Court because the jurisdictional error was quickly discovered, the Juvenile Court lost jurisdiction, and the jurisdiction of this Court attached. Hence, the Court of Appeal correctly dismissed the second appeal.
Appeals from the juvenile courts in non-criminal matters lie to the appropriate Court of Appeal. LSA-Const. (1921) Art. VII, §§ 10, 29; LSA-R.S. 13:1591. In the present case, the appeal is properly to the Fourth Circuit Court of Appeal.
Under the controlling statutory provisions, this Court is authorized to transfer the appeal to the court of proper appellate jurisdiction. LSA-R.S. 13:4441, 13:4442. See In Re Thaxton, 252 La. 676, 212 So.2d 425 (1968).
For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, dismissing the second appeal, is affirmed. It is further ordered that the appeal in this case be transferred to the Court of Appeal, Fourth Circuit, provided that the record is filed in that court within 30 days from the finality of this decree; otherwise, the appeal shall stand dismissed.