HATCHETT, Justice.
The petitioner herein, A-l Bus Lines, Inc., brings to this Court for review action taken by the Florida Public Service Commission in denying it the right to conduct a sightseeing service from Miami, Florida, to Key West, Florida.[1]
Greyhound Lines, Inc., for more than 40 years, has operated a sightseeing service between Miami, Florida, and Key West, Florida, under a plan where passengers are picked up at several hotels in the Miami area in the early morning hours, driven to Key West, over its regular route, and returned to the hotels in the early evening hours. During these trips, a specially trained driver calls to passengers’ attention points of interest along the route.
The service proposed by A-l would include hotel pickups and returns, run over the identical route as that of Greyhound, stop at different places on the route, and stop long enough to allow passengers to ride the Conch Train while at Key West. A-l Bus Lines, Inc., would also employ an independent narrator to point out sights of interest to passengers rather than use its regular bus driver.
*2 We are called upon to determine whether A-l produced competent and substantial evidence before the Public Service Commission to support the granting of the requested authority for the proposed sightseeing tour from Miami to Key West. In support of its request, it was incumbent upon A-l to show that public convenience and necessity would be served by the additional service. Where an area is served by another certificate holder, the applicant for a new certificate has a heavy burden of proof. In Allen Bonded Warehouse, Inc. v. Mayo, 247 So.2d 51, 52 (Fla.1971), the Court stated:
The issue turns on the amount and nature of proof which the applicant must make. Where an application is sought to service an area already served, the standards must be applied which were delineated by this Court in Wells Fargo Armored Service Corp. v. Mason, 196 So.2d 419 (Fla.1966). This is to say, the applicant must prove that his proposed service is necessary as well as desirable for the public, that existing service is inadequate, and that the granting of a new certificate would not adversely affect existing carriers.
To prove public convenience and necessity, A-l called before the Commission superintendents of service from various Miami Beach hotels. These witnesses acknowledged the existence of Greyhound’s service to Key West and indicated that some Greyhound passengers had criticized Greyhound’s tour on the basis that it only included the ride on the bus. The Public Service Commission found that this testimony failed to show that the services proposed by A-l were justified by public convenience and necessity when considered in light of the services rendered by Greyhound.[2]
Nothing is more settled in the law of Florida than that a reviewing court will not overturn the decision of a Florida administrative agency, if that decision is supported by competent and substantial evidence in the record and if the decision is not arbitrary or unreasonable. Florida Rate Conference v. Florida Railroad and Public Utilities Commission, 108 So.2d 601 (Fla.1959). We hold that A-l failed to provide competent and substantial evidence of public convenience and necessity and the decision of the Commission is not arbitrary or unreasonable.
Since the Commission denied A-l’s application on the basis that it failed to show public convenience and necessity, we need not reach the questions of whether Greyhound has vested rights under Fla.Stat. § 323.03(3) (c) or whether the Public Service Commission departed from the essential requirements of law as set forth in Greyhound Lines, Inc. v. Bevis, 294 So.2d 65 (Fla.1974).
The petition for writ of certiorari is denied.
OVERTON, C. J., and ROBERTS, BOYD and SUNDBERG, JJ., concur.

. The Commission’s orders are numbered 11993 and 12202. Three other requests made at the same time were granted. The three requests granted were for sightseeing tours from Miami, Florida, to Ft. Myers/Everglades; Cypress Gardens; and Ft. Lauderdale/Palm Beach,

. The Commission’s order 11993 recited :
the Commission finds that Greyhound is currently providing adequate service of a similar nature on this route, and that the grant of this portion of A-l’s application would be contrary to public convenience and necessity and would have an adverse effect on the existing carrier. Greyhound lias provided service from Miami to Key West in a one-day tour and in two and three-day tours as well as regular route services for a period in excess of forty years.