BOYD, Judge.
We here review the petition for certiorari by Public Counsel for the Citizens of Florida objecting to Orders of the Public Service Commission granting interim rate increases to Intervenor-Respondents Tampa Electric Company.
By Order No. 6539 the Public Service Commission granted an interim rate increase to Tampa Electric Company and later entered Order No. 6681 which affirmed and made final Order No. 6539. Reconsideration was denied by Order No. 6717.
Public Counsel argues that the Commission has exceeded its lawfully delegated authority under Section 366.06(4), Florida Statutes,[1] by these Orders and that conse *810 quently the Orders are void. In Citizens v. Mayo (re: Gulf Power Co.), Fla., 330 So.2d 1 opinion filed May 5, 1976, we defined the Commission’s role in awarding interim rate increases under that statute, and this case is governed by that decision.[2]
In this case, unlike Citizens v. Mayo, the Commission held an interim rate increase hearing in which all intervenors and the public were permitted to participate fully. There is here, then, no procedural defect in the manner in which the Commission proceeded, as there was in that case.
There is competent and substantial evidence in the record to show that the Commission properly found that the rate of return existing when the interim increase was granted was substantially less than the last minimum fair rate of return authorized by the Commission, as well as evidence that the financial integrity of the Company was in danger.
Accordingly, the above Orders of the Public Service Commission are affirmed and certiorari is denied.
It is so ordered.
OVERTON, C. J., and ROBERTS and ADKINS, JJ., concur.
SUNDBERG, J., concurs with an opinion.

. 366.06 Rates; procedure for fixing and changing.—
(4) Pending a nnai order by the Commission ’ in any rate proceeding under this section, the commission may withhold consent to the operation of all or any portion of the new rate schedules, delivering to the utility requesting such increase within thirty (30) days, a reason or written statement of good cause for withholding its consent. Such consent shall not be withheld for a period longer than eight (8) months from the date of filing the new sched *810 ules. The new rates or any portion not consented to shall go into effect under bond at the end of such period, but the commission shall, by order, require such utility to keep accurate áccount in detail of all amounts received by reason of such increase, specifying by whom and in whose behalf such amounts were paid, and upon completion of hearing and final decision in such proceeding shall by further order require such utility to refund with interest at a fair rate, to be determined by the commission in such manner as it may direct, such portion of the increased rate or charge as by its decision shall be found not justified. Any portion of such refund not thus refunded to patrons or customers of the utility shall be refunded or disposed of by the utility as the commission may direct; however, no such funds shall accrue to the benefit of the utility.

. Public Counsel’s arguments appearecT" in briefs filed with the Court before we published our decision in Citizens v. Mayo. All of his contentions concerning interim rate procedures, and the Commission’s authority for interim awards, have been resolved in that opinion.