SCHOTT, Judge.
This matter first came to our attention on the application of Diane and Berwick Lagarde applying for remedial writs, directed to an order of the Juvenile Court for the Parish of Orleans, dated January 6, 1978, denying relator’s motion to recall the necessity for a devolutive appeal bond in connection with their appeal from a judgment finding their minor child abused and neglected.
Upon our examination of their application, we discovered that the judgment appealed from was signed on October 26,1977, but the motion for appeal was not taken by relators until November 14, beyond the 15-day time limit for appeal from such a judgment as prescribed by R.S. 13:1591(A). Accordingly, we did not consider relator’s application for writs.
Thereafter, relators applied for supervisory writs to the Supreme Court of Louisiana and on February 24, 1978, the Supreme Court made the following disposition of their application:
“Granted — Appeal reinstated without bond. 294 So.2d 317, [517] 387 [287] So.2d 558, 317 [318] So.2d 897.”
*984 When we reviewed this action by the Supreme Court we referred to the cases cited above and found them to be as follows:
In Re Salmon, 318 So.2d 897 (La.App. Cir. 1975) was before the court on a motion to dismiss the appeal involving two questions; 1) was an appeal bond required in an adoption case and 2) if bond was required was it filed timely so as to perfect the appeal. The court concluded that an appeal bond was necessary but the bond was timely filed under the particular circumstances of this case.
In In Interest of Jackson, 294 So.2d 517 (La.1974), the court held that no appeal bond is required in juvenile court abandonment proceedings.
In In Re State in Interest of Curley, 287 So.2d 558 (La.App. 1st Cir. 1973), the court held that no appeal bond was required in a juvenile proceeding involving custody of neglected children but dismissed the appeal because the motion for appeal was not taken until after ten days from the date the judgment was signed and therefore untimely in accordance with R.S. 13:1591 as it then provided.
It appeared to us from the cases eited that the Supreme Court had addressed itself to the question of whether or not an appeal bond is necessary as opposed to the timeliness of relators’ motion for appeal. This is especially so considering the last cited case which is on practically all fours with the instant case. For this reason, on February 28 we ordered appellants to show cause why this appeal should not be dismissed. In response appellants have taken the position that the Supreme Court in its action of February 24 has already decided the question of the timeliness of the appeal and have provided us with a copy of their application filed in the Supreme Court following our action of February 10, 1978.
A review of that application shows that appellants informed the Supreme Court that the judgment of the juvenile court, from which this appeal was taken was signed on October 31 and not October 26, with the result that the motion for appeal filed on November 14 was timely. Attached to the application to the Supreme Court were extracts from the minutes of the juvenile court, including the one in question which begins with the date October 26 and has the signature of the trial judge thereon but also has over these minutes the stamped date of October 31, 1977. In their application to the Supreme Court appellants argued that it was erroneous for this Court of Appeal to dismiss their appeal as untimely and fail to consider their application for supervisory writs in the first instance.
It must be understood that unless an appeal is perfected within the time prescribed by law the appellate court has no jurisdiction to consider the judgment because it has become definitive under LSA-C.C. Art. 3556(31), Wright v. Mark C. Smith & Sons, 283 So.2d 85 (La.1973). Once the time prescribed by law for taking an appeal has run it matters not whether the motion is filed one day or one year too late. The judgment is definitive and unappealable in either case.
The jurisprudence of the Supreme Court most recently restated in the Wright case has been followed by this court in numerous cases. We did not take the Supreme Court’s action in connection with appellants’ appeal to be an intention to overrule this line of jurisprudence and we do not understand that to be the meaning of their action at this time.
We surmise that the Supreme Court took at face value the statement of appellants in their application that the judgment was signed on October 31, but in response to our rule to show cause why the appeal should not be dismissed the District Attorney for the Parish of Orleans advised us that the October 31 date was not the date that the judgment was signed but rather an administrative or clerical endorsement on the minutes indicating the date when this entry was recorded in the computer. Because we were confronted with two conflicting statements from the parties with respect to the significance of the two dates on the min *985 utes, we secured from the clerk of the juvenile court a certificate that the judgment was signed on October 26 and that the date of October 31 simply indicates the date that the judgment was entered into the docket book of the juvenile court and placed on record in the computer.
R.S. 13:1591(A) provides that a motion to appeal a judgment of neglect must be filed within 15 days after the signing of same. Because appellants filed their motion on November 14, beyond the 15-day delay, the judgment was already final and definitive and this court has no jurisdiction over an appeal from said judgment. This action is in accord with In Re State in the Interest of Curley, supra, one of the cases cited by the Supreme Court with approval on February 24 and with all of the jurisprudence emanating from the Supreme Court on this subject.
The appeal is dismissed.
APPEAL DISMISSED.
[[Image here]]