610 So.2d 204 (1992)
STATE of Louisiana In the Interest of B.C., JR., Appellant.
No. CR 92-826.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Writ Denied February 19, 1993.
*205 Margherita McWilliams, Shreveport, for defendant-appellant.
James Lewis, Asst. Dist. Atty., Colfax, for plaintiff-appellee.
Before LABORDE and THIBODEAUX, JJ., and CULPEPPER[1], J. Pro Tem.
LABORDE, Judge.
In this juvenile matter, the juvenile, B.C., Jr. appeals a condition of his probation that he receive homebound instruction. Finding no error on the part of the juvenile court, we affirm.

FACTS
On September 18, 1991, the district attorney for the parish of Grant filed a petition of adjudication asking that the juvenile, B.C., Jr., (B.C.) be declared a child in need of supervision. The petition alleges that the juvenile was involved in continuous and long term disruptions at school, disturbances at school, fighting and hitting incidents at school, and batteries on classmates. The petition resulted from complaints filed with the Grant Parish Sheriff's office by two of the juvenile's classmates. The initial complaint was brought by a girl who complained that the juvenile intentionally ran over her while pushing her into a pole. This incident caused injury to the girl, but the extent of her injuries is not apparent from the record. The second complaint was brought by a boy who alleged that the juvenile threatened to beat him up if he did not relinquish his lunch money. Upon his refusal to give the money, the juvenile choked him and had to be physically restrained by a teacher. Further, the juvenile coerced a third child to stab the complaining child in the last incident in the stomach with a pencil. This coercion was accomplished by telling the assailant that if he did not stab the complainant that the juvenile would beat him up.
Also contained in the record are numerous letters from teachers reflecting the juvenile's lack of respect for authority figures and abusive behavior toward others. On October 2, 1991, the juvenile court declared B.C. a child in need of supervision (CINS) and ordered him to receive home bound instruction.
A pre-dispositional investigation and psychological evaluation were filed with the juvenile court on October 22, 1991, along with a motion to modify or rescind the juvenile court's order for homebound instruction. Subsequently, a hearing was held wherein testimony was elicited during which counsel agreed to submit the remainder of the matter on briefs. A second hearing was held on June 3, 1992, and the juvenile court rendered a judgment and disposition declaring the juvenile a CINS. The disposition included, as a special condition of probation, continued homebound instruction as provided by the Grant Parish Board of Education. The juvenile court ordered this homebound instruction to continue until October 20, 1995.
It is from this condition of probation which the juvenile appeals asserting three assignments of error.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
The first two assignments will be discussed simultaneously as both involve Title 20 U.S.C. section 1400 et seq. At the outset, it should be noted that as a matter of law, juvenile action is neither criminal nor civil but of its own kind. In re State in the Interest of Curley, 287 So.2d 558 (La.App. 1st Cir.1974).
In his first two assignments of error, the juvenile contends that a juvenile court does not have subject matter jurisdiction to order special educational placements nor does it have the power to order non-parties to provide specific services to juveniles found to be in need of supervision. The juvenile further alleges that this condition of probation erroneously overrules an IEP committee *206 ruling in violations of 20 U.S.C. section 1400 et seq.
The juvenile argues that homebound instruction is not a dispositional option under La.Ch.C. art. 792.53 which provides:
Art. 792.53. Disposition; children in need of supervision
In a case in which a child has been adjudicated to be in need of supervision, the court may do any of the following:
(1) Place the child in the custody of a parent or other suitable person on such terms and conditions as deemed in the best interest of the child and the public.
(2) Place the child on probation on such terms and conditions as deemed in the best interest of the child and the public.
(3) Assign the child to the custody of a private or public institution or agency.
(4) Commit a child found to be mentally defective to a public or private mental institution or an institution for the mentally defective.
(5) Make such other disposition or combination of the above dispositions as the court deems to be in the best interest of the child.
(6) Commit the child to the Department of Public Safety and Corrections for care and treatment. The department, however, shall not place a child in need of supervision in a correctional facility designed and operated exclusively for delinquent children.
Added by Acts 1991, No. 235, § 7, eff. Jan. 1, 1992.
However, under the broad language of La.Ch.C. Art. 792.53(2), we find the juvenile court has the authority to place the child on homebound instruction. Furthermore La.Ch.C. art. 681, subd. A(5) gives the juvenile court the authority to order any action deemed to be in the best interest of the child. Nothing in this legislation indicates ordering homebound instruction is an improper action on the part of the trial court. This article states the following:
Art. 681. Dispositional alternatives
A. In a case in which a child has been adjudicated to be in need of care, the court may:
(1) Place the child in the custody of a parent or such other suitable person on such terms and conditions as deemed in the best interest of the child including but not limited to the issuance of a protective order pursuant to Article 618.
(2) Place the child in the custody of a private or public institution or agency.
(3) Commit a child found to be mentally ill to a public or private mental institution or institution for the mentally ill.
(4) Grant guardianship of the person of the child to any individual.
(5) Make such other disposition or combination of the above dispositions as the court deems to be in the best interest of the child.
The record is replete with the juvenile's propensities for violence aimed at other students and teachers. The protection of these persons is encompassed by La.Ch.C. art. 792.53(2) by including the language "in the best interest of the child and the public" as well as by La.Ch.C. art. 681, subd. A(5). Further, the Department of Public Safety and Corrections recommended continued homebound study in its pre-dispositional investigations. This recommendation may be considered by the court under La.Ch.C. art. 680.
The court may consider the report of the predisposition investigation, and reports of mental evaluation, and all other evidence offered by the child or the state relating to the proper disposition. The court may consider evidence which would not be admissible at the adjudication hearing.
The juvenile further argues that inherent in federal and state laws are special regulations regarding students with disabilities and their educational treatment by the courts. Individuals with Disabilities Education Act (IDEA) at 20 U.S.C. section 1400 et seq. However, the IDEA only applies to a school system's authority to expel or place handicapped students; it does not limit the authority of juvenile courts. Bill Honig, California Superintendent of Public Instruction, Petitioner v. John Doe and Jack Smith, 484 U.S. 305, 108 *207 S.Ct. 592, 98 L.Ed.2d 686. In Honig, supra, the Court Stated:
Nor do we think that § 1415(e)(3) operates to limit the equitable powers of district courts such that they cannot, in appropriate cases, temporarily enjoin a dangerous disabled child from attending school. As the EHA's legislative history makes clear, one of the evils Congress sought to remedy was the unilateral exclusion of disabled children by schools, not courts, and one of the purposes of § 1415(e)(3), therefore, was "to prevent school officials from removing a child from the regular public school classroom over the parents' objection pending completion of the review proceedings." Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. [359], at 373, 105 S.Ct. [1996], at 2004 [85 L.Ed.2d 385] [ (1985) ] (emphasis added). The stay-put provision in no way purports to limit or pre-empt the authority conferred on courts by § 1415(e)(2), see Doe v. Brookline School Committee, 722 F.2d 910, 917 (CA1 1983); indeed, it says nothing whatever about judicial power.
It is apparent the juvenile court did not exceed its authority by placing the juvenile on home bound studies as part of his probation. Furthermore, a disposition may be modified on the court's own motion, or a motion filed by the district attorney, the parents, or the child. La.Ch.C. art. 792.60. If at a later period of time, the best interest of the public and the child would no longer be to homebound the child, the court could then modify this condition. We therefore find the juvenile court had sufficient statutory authority to place the juvenile on homebound instruction as a condition of his probation. We further find the IDEA does not apply to a juvenile court judgment ordering a juvenile to be educated in a residential setting.
The juvenile also alleges the court does not have jurisdiction or authority to order the Grant Parish School Board to teach the juvenile at home in his first two assignments of error. He contends this condition is not expressly granted by La. Ch.C. art. 792.53, supra. He further contends the court lacks personal jurisdiction over the non-party school board since the school board is not a party to this action. In essence, the juvenile is actually contending he is in a proper legal position to challenge the court's authority over the Grant Parish School Board. The juvenile's allegation that the court lacks personal jurisdiction, lends itself to the argument that the issue is in fact personal to the Grant Parish School Board. La.C.C.P. art. 681 provides:
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.
This article is made applicable to the instant case by La.Ch.C. Art. 104, which provides:
Where procedures are not provided in this Code or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
(2) The Code of Civil Procedure in all other matters.
The juvenile in this case does not have standing to challenge the court's authority over a third person not a party to the instant action. Further, Grant Parish School Board may intervene on its own behalf if it so desires. Assignments of error numbers one and two therefore lack merit.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the juvenile contends it was not proven by clear and convincing evidence that an educational placement in accordance with the IEP Committee decision was in the best interests of both the juvenile and the public. He alleges that under La.Ch.C. art. 792.54, the court should impose the least restrictive disposition. La.Ch.C. art. 792.54 states the following:
Art. 792.54. Disposition; generally
A. The court should impose the least restrictive disposition which the court finds is consistent with the circumstances *208 of the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
B. If the court commits a child to a private institution or agency, it shall select one that has been licensed under state law. Where no institution, social agency, or association so licensed for care or placement of children is available to the court, the court may commit the child to some other institution, social agency, or association which in the court's judgment is suitable for such child.
C. In committing a child to the custody of an individual or a private agency or institution, the court shall, whenever practicable, select a person, agency, or institution of the same religious faith as the child or his parents.
D. A child shall not be committed to a public or private mental institution or institution for the mentally defective unless the court finds, based on psychological or psychiatric evaluation, that the child has a mental disorder, other than mental retardation, which has a substantial adverse effect on his ability to function and requires care and treatment in an institution. The finding of such mental disorder shall not be made without the presence and participation of an attorney appointed from the Mental Health Advocacy Service (M.H.A.S.) to represent the child at the dispositional or modification hearing, unless attorneys from the M.H.A.S. are unavailable as determined by the director, or the child retains private counsel who shall represent only the interest of the child. The M.H.A.S. attorney so appointed shall continue to represent the child in any proceeding relating to admission, change of status, or discharge from the mental hospital or psychiatric unit. Upon modification of the disposition to a placement other than a mental hospital or psychiatric unit, the M.H.A.S. attorney shall be relieved of representation of the child. The provisions of this Paragraph shall apply only to children who are in the custody of the state of Louisiana.
E. A child shall not be committed to a public or private institution for the mentally retarded unless the court finds, based on psychological or psychiatric evaluation, that the child is mentally retarded and such condition has a substantial adverse effect on his ability to function and requires care and treatment in an institution.
F. A child may be placed by the court in the custody of a relative or other responsible individual which for the purpose of the review hearing as provided for in Chapters 15 and 16 of Title VI shall be considered a permanent plan.
G. The Department of Public Safety and Corrections shall have the sole custody of a child committed to the department under this Chapter and shall determine the placement, care, and treatment of the child, and the expenditures to be made therefor.
The juvenile further contends that the evidence reveals that it is not in the best interest of the child or society to place this condition on his probation. However, we find La.Ch.C. art. 792.54 contemplates a disposition which affects the custody of a child and not an educational placement. Every paragraph in the article implies a custodial or committal situation, and the custody of this juvenile is not at issue in this case. By suspending his sentence, the court allowed custody to remain with the parent. Under the statutory authority asserted above, parental custody is the least restrictive disposition. It is this custody that La.Ch.C. art. 792.54 contemplates and not any conditions of probation regarding a child's education.
The pre-dispositional investigation recommends homebound instruction and acknowledges the juvenile's violent propensities toward others. The only contradictory evidence in the pre-dispositional investigation is a recommendation of Dr. D.H. Texada, a psychiatrist who evaluated the child. Dr. Texada believes homebound instruction is *209 not in the best interest of the juvenile, however, the court must also consider the best interest of society under the Children's Code. Based upon the juvenile's past behavior exhibiting aggressiveness toward his classmates and teachers, we find it is the best interests of both the juvenile and society to continue with the juvenile's homebound instruction. The juvenile court therefore committed no error in so holding, and this assignment of error lacks merit.

DECREE
The decision of the juvenile court is affirmed. All costs of this appeal are assessed against the juvenile, B.C., Jr.
AFFIRMED.
NOTES
[1] Judge Culpepper, retired, participated in this decision as Judge Pro Tempore.