## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1380

**STATE IN THE INTEREST OF S.J.H.**

**VERSUS**

**M.S.H. AND J.W.**

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. J-4375
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED.**

**Donald Wilson**
**Gaharan & Wilson**
**P. O. Box 1346**
**Jena, LA 71342**
**(318) 992-2104**
**Counsel for Appellee:**
**S. J. H.**

**Guy Richard Lain**
**Attorney at Law**
**100 Serio Blvd.**
**Ferriday, LA 71334**
**(318) 757-3667**
**Counsel for Appellee:**
**Louisiana Department of Social Services**

**Paul A. Lemke**
**Attorney At Law**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**Counsel for Appellee:**
**J. W.**

**Krystal L. Todd**
**Attorney at Law**
**P. O. Box 13**
**Jena, LA 71342**
**(318) 992-0881**
**Counsel for Appellant:**
**M. S. H.**

**GREMILLION, Judge.**

The Defendant/Appellant, M.S.H., appeals the judgment of the trial court denying her motion for new trial as being untimely.[1] For the following reasons, we grant the State's peremptory exception of prescription and dismiss M.S.H.'s appeal as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

M.S.H.'s parental rights were terminated by the trial court following a March 4, 2010 hearing. The judgment terminating her rights was filed into the record on March 9, 2010. M.S.H. filed a motion for new trial on July 15, 2010. That same day she filed a petition to annul judgment arguing that one of the main reasons for the termination—her incarceration—no longer existed as this court had reversed her conviction and vacated her sentence. Following an August 12, 2010 hearing on the motions, the trial court found that the motion for new trial was untimely and that the requirements to annul the judgment were not proven by M.S.H., and therefore, the petition to annul the judgment was denied and dismissed with prejudice. That judgment was filed into the record on August 19, 2010. The Notice of Judgment indicates that M.S.H.'s attorney was mailed a copy of the judgment on August 19, 2010.

On September 10, 2010, M.S.H. filed a motion for appeal and designation of record. On December 3, 2010, the State filed a Peremptory Exception of Lack of Jurisdiction. On December 20, 2010 the State filed its brief. M.S.H. filed her brief on January 5, 2010 in which she assigned only one error: the trial court's finding that the motion for new trial was untimely because the notice of judgment was

---

[1] In accordance with Uniform Rules—Courts of Appeal, Rule 5-1, we use initials throughout to protect the identity of the minor.

1

not mailed.[2]

## DISCUSSION

Louisiana Children's Code article 332 states (emphasis added):

A. Except as otherwise provided within a particular Title of this Code, *appeals shall be taken within fifteen days from the mailing of notice of the judgment.* However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.

B. Notice of judgment, including notice of orders or judgments taken under advisement, shall be as provided in Code of Civil Procedure Article 1913.

C. After judgment is signed, a party make a written request for a motion for new trial on any ground provided by law. The delay for applying for a new trial is three days, exclusive of holidays, and shall commence to run from the mailing of notice of judgment. A motion for new trial shall be decided expeditiously and within seven days from the date of submission for decision.

Louisiana Civil Code Article 1913(A) provides:

Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.

## PEREMPTORY EXCEPTION OF LACK OF JURISDICTION

M.S.H.'s appeal to this court was untimely. She had fifteen days from notice of mailing of judgment on August 19, 2010. Accordingly, she had until September 3, 2010, to timely file her appeal to this court. Thus, her September 10, 2010 appeal is untimely, and the State's exception of lack of jurisdiction is granted.

---

[2]Although the assignment of error discusses the motion for new trial as being timely, M.S.H.'s brief argues that the time had not begun to run on the filing of an appeal as the judgment of termination of parental rights was not mailed in accordance with La.Code Civ.P. art. 1913(B). Although we need not address this issue, we note that M.S.H. was personally served via her attorney with notice of the judgment terminating her parental rights. We also note that the underlying substantive issues were adjudicated by the trial court and the termination upheld.

The timeliness of an appeal is a jurisdictional matter, and we cannot extend the delays in which to seek an appeal. *Seamen v. Seamen*, 10-1295 (La.App. 3 Cir. 12/15/10), __ So.3d __; *State in the Interest of E.A.,* 02-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594; *In re Lagarde, Jr.,* 358 So.2d 983 (La.App. 4 Cir. 1978). The trial court's judgment is final, and M.S.H.'s appeal is dismissed. The costs of this appeal are taxed against M.S.H.

**APPEAL DISMISSED**.