McCALEB, Justice.
 

 On August 2, 1945, a judgment was rendered by the Juvenile Court for the Parish of Orleans declaring Bruno Diaz, the three and one-half month old infant of Mary Cicero Diaz, to be a neglected child as-defined by Act No. 169 of 1944 and ordering that he be placed in St. Vincent’s Orphan Asylum.
 

 On March 3, 1947, Mrs. Diaz applied for a suspensive appeal from the judgment. The court denied the appeal for the reason-that more than one year had intervened between the date of the judgment and the. date of the application. Thereafter, Mrs. Diaz petitioned this court for writs of certiorari, mandamus and prohibition. The writs were granted and the matter is now before us for decision.
 

 
 *1018
 
 The question presented in the proceeding is whether the relatrix has lost her right of appeal due to the fact that more than eighteen months has intervened between the date of the judgment and the application for the appeal.
 

 Section 96 of Article VII of the Constitution, as amended by Act No. 322 of 1944, creating the Juvenile Court for the Parish of Orleans and defining its jurisdiction, provides:
 

 “ * * * Appeals shall lie on questions of law and of fact to the Supreme Court of the State of Louisiana from all final judgments rendered by the Juvenile Court, but such appeal shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court, unless the Supreme Court shall so order. * * * ”
 

 Neither the foregoing section nor Act No. 169 of 1944 (which sets forth the procedure in the Juvenile Court for the Parish of Orleans) makes provision for a time limit in the taking of an appeal from judgments of that court. In fact, it is conceded by the District Attorney in his brief on .behalf of the respondent judge that there is no direct provision of law prescribing a time limit for the taking of appeals from judgments of juvenile courts. It is argued, however, that, in view of the absence of a specific provision, the time limit exacted by either Article 542 of the Code of Criminal Procedure or Article 593 of the Code of Practice should be employed.
 

 The argument is not tenable. The prescriptions set forth in the Code of Criminal Procedure and the Code of Practice pertain to appeals in criminal and civil cases respectively and cannot by inference or implication be extended to appeals from the Juvenile Court in cases concerning the general welfare of children. Such cases are not to be classed as civil or criminal —indeed, they are sui generis.
 
 [1]
 
 Accordingly, appeals from judgments of the Juvenile Court involving the status of a minor child may be taken at any time since there is no prescription provided for by statute.
 

 The District Attorney alternatively suggests that we should uphold the ruling of the judge because the relatrix is guilty of laches, In support of this point, it is said that, if it should be held that there is no time limit for appeals from the Juvenile Court in cases such as this, many practical difficulties will result, such as misplacement of shorthand notes, etc. And it is also argued that Section 13 of Act
 
 *1020
 
 No. 169 of 1944, which provides that the Juvenile Court may reopen cases involving the custody of minors at any time, indicates that the Legislature intended that appeals should be promptly prosecuted.
 

 We find no substance in the contention. This Court is without authority to provide a time limit for an appeal — that is a legislative and not a judicial function.
 

 The writs heretofore issued are made peremptory and it is ordered that the Honorable Anna Judge Veters Levy, Judge of the Juvenile Court for the Parish of Orleans be and she is hereby commanded to grant to the relatrix, Mrs. Mary Cicero Diaz, an appeal to this Court in accordance with the provisions of Section 96 of Article VII of the Constitution.
 

 [1]
 

 While it has been stated (see In re Owen, 170 La. 255, 127 So. 619 and other authorities) that juvenile cases of this sort are quasi criminal, such observations have no relation to matters of procedure. They have reference to the fact that the proceedings are initiated ' and conducted by the State in the exercise of its paramount right to determine the best interest and welfare of children and were made in answer to arguments that the matters are civil contests between individuals claiming the custody of children.