SCHOTT, Judge.
On our own motion we raised the question of our own jurisdiction over this appeal because of appellant’s failure to take her appeal within the delay provided by law.
On December 21, 1973, the Juvenile Court signed an order placing the, juveniles in the custody of the Louisiana Health and Social Rehabilitation Services Administration, Division of Family Services. On January 9, 1974, the mother (now represented by new counsel) filed a petition for appeal to this Court from that order.
LSA-R.S. 13:1591 provides in part as follows:
“ . . . Appeals from any final judgment of a juvenile court must be taken within fifteen days after said judgment is signed, except that in adoption proceedings appeals shall be taken as is provided by law.”
From the statute it is clear that the last day for the filing of the petition for appeal was January 7, 1974, so that the appeal is subject to dismissal as being untimely. The records show that the trial of this matter was held on December 10, 1973, and at its conclusion the trial judge announced that the matter “will be taken under advisement.” There is no suggestion in the record that a notice of the signing of the judgment was sent to or served upon appellant or her attorney. In answer to a rule to show cause why this appeal should not be dismissed present counsel has informed us as follows:
“Mrs. Ferrygood, after having her children taken away from her complained to the Judge and myself about the manner of representation she received and therefore requested that I file an appeal for and on her behalf. This appeal was filed the day after the request was made of me.”
We take note from the foregoing of the fact that appellant had actual notice of the trial court’s decision since the order granting custody was apparently executed around the time it was signed, but we are constrained to inquire into whether a notice is required under these circumstances where the case was tried and taken under advisement as a prerequisite to the commencement of the 15-day delay for taking the appeal as provided in the statute.
 Under LSA-C.C.P. Art. 1974 the delay for applying for a new trial does not commence until the day after the clerk has mailed or the sheriff has served notice of judgment where notice is required under Art. 1913. Under the latter article, when a case has been taken under advisement by the court notice is required but such requirements have no application to appeals from the Juvenile Court in cases concerning the general welfare of children since these are not civil cases but are sui gener-is, In re Diaz, 211 La. 1015, 31 So.2d 195. Since the pertinent statute regulating such appeals is clear to the effect that the delay for taking the appeal commences when the judgment is signed and contains no requirements for notice, the fact that the trial judge did take this case under advisement and did not sign the judgment appealed from until 11 days thereafter is of no consequence in connection with such delay. Accordingly, this Court lacks jurisdiction over the appeal’and it must be dismissed.
We are aware of the fact that a rigid application of this statute which requires no notice as a prerequisite for the commencement of the delay for taking an appeal could raise serious constitutional questions of due process in another case. For example, in Sublet v. United TV Rental, Inc., 284 So.2d 783 (La.App. 4th Cir. 1973) three judges on this Court questioned the constitutionality of LSA-C.C.P. Art. 5002 because it requires no notice of judgment as a prerequisite to the com *458 mencement of the delay for taking an appeal from a judgment of a city or parish court. Far more serious is this question in connection with the custody of one’s child. But in the application of this statute to the instant case, we do not find that appellant’s failure to take her appeal timely was in any way related to her lack of notice of the judgment appealed from since it does appear that she had notice of the judgment at the time it was signed or shortly thereafter.
Appeal dismissed.