316 So.2d 759 (1975)
In the Matter of Jeremy ROME.
No. 10376.
Court of Appeal of Louisiana, First Circuit.
July 8, 1975.
Rehearing Denied August 26, 1975.
Jesse S. Guillot, New Orleans, for appellant.
Aubert D. Talbot, Napoleonville, for appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
BLANCHE, Judge.
This is a juvenile proceeding in which two-year old Jeremy Rome was declared to be a ward of the Twenty-third Judicial District Court pursuant to a final judgment signed on March 15, 1973. The declaration by the court was the result of the alleged neglect of the child by his parents. That same judgment placed the child in the custody of his paternal grandparents, Mr. and Mrs. Clyde Gautreaux.
On April 3, 1973, the mother of the child, Suzanne Gautreaux, petitioned for and was granted a devolutive appeal from that judgment.
*760 The question of timeliness of an appeal is a jurisdictional matter which this Court must consider and in this instance does so ex proprio motu.
It is settled that juvenile proceedings are not purely civil matters but are sui generis, In Re Diaz, 211 La. 1015, 31 So.2d 195 (1947). Concerning the time in which an appellant in a juvenile proceeding must take his appeal, the Court in Diaz stated:
"* * * The prescriptions set forth in the Code of Criminal Procedure and the Code of Practice pertain to appeals in criminal and civil cases respectively and cannot by inference or implication be extended to appeals from the Juvenile Court in cases concerning the general welfare of children. Such cases are not to be classed as civil or criminalindeed, they are sui generis. * * * Accordingly, appeals from judgments of the Juvenile Court involving the status of a minor child may be taken at any time since there is no prescription provided for by statute." (In Re Diaz, 31 So.2d at 196)
However, since the decision in Diaz, a statute was enacted establishing a fifteen-day period in which to perfect an appeal in a juvenile proceeding. LSA-R.S. 13:1591 reads, in part, as follows:
"* * * Appeals from any final judgment of a juvenile court must be taken within fifteen days after said judgment is signed, except that in adoption proceedings appeals shall be taken as is provided by law.
* * * * * *
"Amended by Acts 1972, No. 714 § 1."
The record before us clearly reflects that the significant dates are March 15, 1973, the date of the signing of the final judgment, and April 3, 1973, the date of the motion for appeal. Thus, appellant did not seek an appeal within the fifteen-day period but instead, waited until the nineteenth day.
We fully recognize that appeals are to be favored in law and should not be dismissed on purely technical grounds. However, R.S. 13:1591 is very clear and specific in its requirement that all appeals from a judgment of a juvenile court must be taken within fifteen days. Cf. In Re State in Interest of Curley, 287 So.2d 558 (La. App. 1st Cir. 1973).
This is a matter relating to the custody of a child, and appellant has the right at any time to petition the juvenile court for a review of the facts which led to the judgment complained of and present to the court evidence showing a change of circumstances which would warrant the return of the child to her.
Accordingly, for the above reasons, appellant's appeal is dismissed, at appellant's cost.
Appeal dismissed.