698 So.2d 761 (1997)
STATE of Louisiana in the Interest of K.B., C.B. and J.B.
No. 30358-JAC.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1997.
Rehearing Denied September 18, 1997.
Teat & Avery by Darrell R. Avery, Jonesboro, for Appellant Jerry Dunn, Jr.
*762 State of Louisiana, Dept. of Social Services by Pamela Harper-Jacob, for Appellee.
Indigent Defender Board, by Paul Garner, for Tammy Lucille Burns.
Indigent Defender Board, James E. Beal, Jonesboro, for K.B., C.B. and J.B.
Before MARVIN, C.J., and HIGHTOWER and STEWART, JJ.
MARVIN, Chief Judge.
Resolving the res nova issue of whether the delay for appealing a judgment terminating parental rights under Title X of the Children's Code is 15 days as is provided in La. Ch.C. art. 332 or 30 days as is provided in La. C.C.P. art. 2123, we publish our decision that the delay is 15 days provided by the Children's Code.
Considering the appellate record and appellant's response to this court's order of August 4, 1997, directing appellant to show cause why this appeal should not be dismissed as untimely, this court concludes that:
On May 2, 1997, the clerk of the trial court mailed the notice of the April 25, 1997 judgment terminating appellant's parental rights, which appellant acknowledges was received on May 7, 1997;
Appellant moved for and obtained an order granting a suspensive appeal on May 28, 1997, within 30 days, but more than 15 days, of May 2, 1997, when the notice of judgment was mailed;
The delay for appealing provided by La. Ch.C. art. 332 [Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days... from the mailing of notice of the judgment...] applies to this appeal. The Comment under Art. 332 mentions one exception to the 15-day general rule that extends to 30 days the delay for a suspensive appeal of a judgment under Title XII which governs adoption proceedings. See Arts. 1259-1261.

Title X, which governs proceedings for Involuntary Termination of Parental Rights, including the Effect of appeal in Art. 336, does not, within the context of the general provision in Art. 332, otherwise provide an extended delay for appealing Art. X judgments, as does Title XII;

Art. 336 states that any ruling terminating parental rights, including a judgment of adoption, shall be appealed suspensively, after stating that the effect of other rulings may be suspensively appealed at the discretion of the trial or the appellate court. The reference in Art. 336 to an appeal being suspensive goes only to the effect of the appeal and not to the delay allowed for appealing.
The appeal delay extension to 30 days in Title XII, applying only on its face to Title XII adoption proceedings and not to an involuntary termination proceeding under Title X, is a clear and obviously deliberate distinction made by the legislature;
Art. 336 B. does not extend to 30 days, as urged by appellant, the 15-day delay generally provided in Art. 332 for suspensively appealing a judgment in a proceeding under the Children's Code.
As amended by Acts 1995, No.1095, Art. 332 B. now states the circumstances under which the provisions of the Code of Civil Procedure apply to delays for appealing rulings in proceedings under the several Titles in the Children's Code, but continues to state: Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days ... from the mailing of the notice of judgment when required. La. C.C.P. art. 2123 does not apply to appeals taken from judgments under the Children's Code.

DECREE
We notice our lack of appellate jurisdiction when an appeal is untimely. La. C.C.P. art. 2162; Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2d Cir.1983), writ denied. The appeal is hereby dismissed at appellant's cost.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and HIGHTOWER, BROWN, STEWART and GASKINS, JJ.
Rehearing denied.