hSAUNDERS, Judge.
On July 15,1996, a judgment was rendered adjudicating John Mark Hair and Emma Hair as neglected children in need of care, and transferring custody, of the children to the State of Louisiana. Subsequent to the July 15, 1996, judgment of disposition, three dispositional review judgments were rendered. The dates of the dispositional review judgments are August 7, 1996, February 25, 1997, and August 11, 1997. A motion for appeal from the July 15, 1996, judgment was filed on November 24, 1997. On . April 27, 1998, this court issued a rule to show cause why the appeal from the July 15, 1996, judgment of disposition should not be dismissed as untimely. Appellant responded to this court’s rule to show cause in a timely fashion.
La. Ch.C. art. 330 provides, in pertinent part:
A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.
B. In ... child in need of care proceedings pursuant to Title VI, ... an appeal *552 may be taken only after a judgment of disposition....
|2La. Ch.C. art. 332 requires that an appeal be taken within 15 days from the rendering of a judgment. La. Ch.C. art. 710, which is in the Chapter on Dispositional Reviews, provides the right to appeal from the findings or orders of the court rendered pursuant to that Article.
The judgment of disposition signed on July 15, 1996, and the dispositional review judgments rendered on August 7,1996, February 25,1997, and August 11, 1997, are appealable judgments under the Children’s Code. Appellant’s motion for appeal refers to the July 15, 1996, judgment only. Under La. Ch.C. art. 332, the appeal from said judgment had to be taken within 15 days of the rendering of the judgment. The judgment was signed on July 15,1996. The motion for appeal was filed on November 24,1997, well over a year from the signing of judgment.
As directed by this court, appellant answered the rule to show cause by filing a brief. Appellant had a few other attorneys, apparently all through the public defender’s office, prior to the current counsel. Appellant asserts her previous counsel did not inform her of the right to appeal. Therefore, appellant asserts the untimeliness of her appeal should not be attributed to her.
Appellant asserts her rights in these proceedings take on constitutional dimension. Appellant cites several cases dealing with the right to counsel in negleet/abuse/abandonment cases, and suggests those cases recognized the fact that matters affecting parental rights and custody are of extreme importance. Appellant asserts fundamental due process requires that her appeal be maintained.
The jurisprudence has consistently held an appeal not timely filed in juvenile matters shall be dismissed. In re Rome, 316 So.2d 759 (La.App. 1 Cir.1975); In the Matter of Lagarde, 358 So.2d 983 (La.App. 4 Cir.1978); and In the Interest of H.M., 411 So.2d 1176 (La.App. 4 Cir.1982) In the instant case, appellant’s motion for appeal was filed in excess of one year after the signing of the judgment of disposition. Therefore, the motion for appeal was not timely filed, and appellant’s appeal must be dismissed.

APPEAL DISMISSED AS UNTIMELY.