| .YELVERTON, J.
The juvenile, T.H., was charged by petition with committing the offense of aggravated battery. After a hearing the trial court adjudicated the juvenile a delinquent. Disposition was immediately imposed with the juvenile being committed to the Department of Public Safety and Corrections for six months. The commitment was suspended, and the juvenile was placed on supervised probation for one year with certain special conditions.
The date of the adjudication was September 8, 1998. On November 10, 1998, counsel for the juvenile filed a “Notice of Out of Time Appeal and Order Fixing Return Date.” On that same date, the city court judge granted T.H. an out-of-time appeal. Appellate counsel filed a brief in this court claiming one assignment of | terror. The appellant claims that he is entitled to a new adjudication hearing and disposition because there is no transcript of trial or disposition and therefore no record based on which he can perfect his appeal.
PROCEDURAL PROBLEM: OUT-OF-TIME APPEAL
The State, in brief, requests that this appeal be dismissed because it was requested after appellate time delays had *90 run. We find that the appeal was not untimely.
Louisiana Children’s Code Article 332(A) provides in pertinent part: “Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the signing of a judgment or from the mailing of notice of the judgment when required.” Since there is no specific article governing appeals in delinquency proceedings, this article governs appeals taken in such proceedings. This article apparently changed the law in juvenile cases as to when the fifteen-day time period begins to run. Former Article 332 stated that appeals shall be taken “within fifteen days from the rendering of a judgment.” The source for that article was La. Code of Juv. P. art. 99, which provided for appeals to be “taken within 15 days from the entering of the judgment of disposition.” Act 1095, § 1 of the 1995 Legislative Session amended Article 332, however, to provide for the fifteen-day prescriptive period to begin from the signing of a judgment or from the mailing of notice of judgment when required. The comments to that article state that the change was intended to “to more closely track the provisions on judgment in Article 1911 of the Code of Civil Procedure. No appeal may be taken, and no judgment is final, until |3the judgment is signed.” Thus, it appears that under La.Ch.Code art. 332, the time period for filing appeals in juvenile delinquency cases begins to run from the date the judgment of disposition is signed or from the date the judgment is mailed, if mailing is required.
In the present case, disposition was orally imposed on September 8, 1998. Louisiana Children’s Code Article 903 requires the trial court to enter into the record a written judgment of disposition specifying certain things. The minutes of disposition may serve as the written judgment of disposition if they include the necessary information and are signed by the court. The minutes in the present case, however, are not signed by the trial judge. Although there is nothing in the record called a judgment of disposition, there is a probation order which contains the necessary information and is signed by the judge. Thus, we regard the probation order as a signed judgment for purposes of Article 332. This judgment was signed on October 22,1998.
The next determination that must be made is whether the fifteen-day time period began to run on October 22, 1998, the date the judgment was signed, or whether notice of judgment was required, in which case the fifteen-day time period would not have begun until the judgment was mailed. According to the Clerk of Court’s Office, no notice was mailed to counsel of record. Article 332(B) states that mailing of the notice of judgment is not required “for counsel or parties not represented by counsel who are present when the judgment is rendered and signed.” Although the order is signed by the juvenile and his mother, there is no indication that the juvenile’s counsel was present for the signing of the probation order. Nothing inj^the probation order indicates that counsel was present. There is no minute entry of the signing indicating the presence of counsel. The absence of a minute entry indicates that the judgment was not signed in open court but rather in chambers. We conclude that counsel was not present.
The fifteen-day time period never began to run since no notice was mailed to counsel. Therefore, we consider the juvenile’s appeal timely, and we will address the juvenile’s assignment of error.
ASSIGNMENT OF ERROR
On the cover page of the appellate record, the Clerk of Court notes, “[n]o transcript of trial could be provided. Tapes were erased after sixty days from trial date elapsed.” The juvenile claims that without a transcript to review, the juve *91 nile’s appellate rights are rendered meaningless.
In State in the Interest of T.T., 96-06 (La.App. 3 Cir. 5/8/96); 677 So.2d 466, this court recognized that the Children’s Code provides for the recordation of juvenile proceedings, except traffic violations. See La.Ch.Code art. 410. In T.T., the disposition hearing was not recorded. Although the record contained the custody order setting out the disposition and the minutes of the disposition, this court found that without the transcript of disposition, the record was insufficient to review the juvenile’s disposition. Citing Article 410 as well as other jurisprudence, this court vacated the juvenile’s disposition and remanded for rehearing. Although the trial proceeding at issue was erased rather than not recorded, the same problem exists in | sthe present case — the record is insufficient to review the juvenile’s adjudication and disposition.
We accordingly order that the adjudication and disposition be set aside and a new adjudication hearing be held because of the incomplete record.
ADJUDICATION AND DISPOSITION SET ASIDE; REMANDED.