LTRAYLOR, J.
We granted a writ of certiorari to determine whether the court of appeal correctly reviewed the trial court’s ruling in a proceeding to terminate parental rights. We conclude that the court of appeal erred in considering the merits in this case, which was not appealed timely. Accordingly, we vacate the judgment of the court of appeal and reinstate the trial court judgment, which has become res judicata for failure to timely appeal.
FACTS AND PROCEDURAL HISTORY
State of Louisiana, Department of Social Services (DSS/OCS) filed a petition for Termination of Parental Rights against K.P., the mother of five year old C.J.P., two year old K.P.P., and three month old K.M.P., and each of the children’s fáthers on February 22, 1999.[1] The trial on the *471 termination petition was held May 12-14, 1999, at the end of which the trial court took the case under advisement. A judgment granting the termination of parental rights was rendered, with written reasons, on July 8, 1999, and Notice of Judgment was sent the same date. The trial court also ordered that the parties be served with the judgments and reasons by the sheriff. KP’s counsel received the Notice of Judgment through service on July 13, 1999, and KP personally received Notice of Judgment on July 17,1999.
K.P. appealed the trial court’s judgment on August 5, 1999. The Fourth Circuit Court of Appeal reversed the lower court on the merits, after finding that the appeals were timely based on the lack of clarity on service in the record, apparently differing dates of return of service for each of the parties, and the principle in favor of reserving appeal rights when doubts as to timeliness 12are concerned.
ANALYSIS
Courts shall avoid delays in resolving the status of the parent and in achieving permanency for the child. La. Ch. Code art. 1032. All phases of termination of parental rights proceedings are thus to be given priority. State in the Interest of S.M., 98-0922 (La.10/20/98), 719 So.2d 445 (La.1998). Consistent with the statutory scheme of expediency, the Louisiana Children’s Code provides that appeals shall be taken within fifteen days from the signing of the judgment, or from the mailing of notice of judgment when required. La. Ch.Code art 332.[2]
The courts of appeal have consistently held that an appeal not timely filed in juvenile matters shall be dismissed. State in the Interest of Hair, 98-560 (La.App. 3 Cir. 6/8/98), 715 So.2d 551; In Interest of H.M., 411 So.2d 1176 (La.App. 4 Cir.1982); Matter of Lagarde, 358 So.2d 983 (La.App. 4 Cir.1978); In re: Rome, 316 So.2d 759 (La.App. 1 Cir.1975). In State in the Interest of T.H., the Third Circuit discussed the fifteen day time period in Children’s Code Art. 332(A) for taking an appeal in a juvenile matter:
This article apparently changed the law in juvenile cases as to when the fifteen-day time period begins to run. Former Article 332 stated that appeals shall be taken “within 15 days from the rendering of a judgment.” The source for that article was La.Code of Juv. P. art. 99, which provided for appeals to be “taken within 15 days from the entering of the judgment of disposition.” Act 1095, § 1 of the 1995 Legislative Session amended Article 332, however, to provide for the fifteen-day prescriptive period to begin from the signing of a judgment or from the mailing of notice of judgment when required.
99-33 (La.App. 3 Cir. 5/5/99), 741 So.2d 88, 90.
In State in the Interest of KB., 30-358 (La.App. 2 Cir. 8/21/97), 698 So.2d 761, the court found that it lacked appellate jurisdiction based on an untimely appeal. See La.Code Civ. P. art. 2162; Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2nd Cir. 1983). Because the fifteen day period of La. Ch.Code art. 332 applied to a termination of a parental rights judgment, and the Motion for Appeal was filed twenty-six days after the notice of signing of judgment was mailed, the appeal was dismissed at appellant’s cost. Likewise, in this case, because more than fifteen days had passed from July 8, 1999, the date of the issuance of the notice of signing, and August |a5, 1999, the date on which the appeal was filed, the court of appeal lacked appellate jurisdiction.
*472 Based on the trial court’s ordering service of the notice of judgment on the parties, the Fourth Circuit used the dates of service to evaluate the timeliness of the appeal.[3] However, Louisiana Code of Civil Procedure Article 1913, made applicable by the Louisiana Children’s Code arts. 104 and 332(B), requires only the mailing of a notice of judgment. The date of service, delivery or receipt of the notices is not determinative. The judgment was signed was July 8, 1999, and pursuant to art. 332, all the notices of signing of judgment were issued on that date. Because the notices of signing of judgment were issued on July 8, 1999, the time for filing the appeal began to run on that date.
Additionally, we find that the Court of Appeal inappropriately relied on the amendments to Louisiana Code of Civil Procedure Article 1913, which did not become effective until January 1, 2000. Irrespective of that error, under both the new and old versions article 1913, notice to counsel of record suffices. See La.Code. Civ. Pro. art 1913(B). K.P.’s counsel received a notice of judgment which was mailed on July 8,1999, as was the notice of judgment to K.P. herself.
The Fourth Circuit also erroneously determined that the date that the last of any of the parties received the notice of judgment started the fifteen day period for K.P. to file her Motion for Appeal. However, the date of service on other parties is irrelevant.[4] The only Motion for Appeal filed herein was filed by K.P. on August 5, 1999, well after the fifteen day time delay. K.P. is not entitled to have her time for appeal extended when no other party has filed for an appeal.
DECREE
K.P.’s failure to timely file the Motion for Appeal removed jurisdiction from the Fourth Circuit to consider her appeal. The appeal thus should have been dismissed. The opinion of the 14Fourth Circuit is hereby vacated in its entirety as being improvidently granted. The trial court judgment, which has become res ju-dicata as a result of no timely appeal being filed, is hereby reinstated. The case is remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. The children were placed in the custody of the DSS/OCS by order on April 5, 1997. The children were found to be in need of care first *471 on July 1, 1997, and a second time on March 11, 1998.

. The Louisiana Children’s Code art. 337 also requires that appeals of juvenile court matters, particularly termination of parental rights cases, be determined at the earliest practicable time, and are to be accorded preference. In re 528 So.2d 1002 (La. 1988).

. Additionally, we note that the court of appeal failed to consider or list the return of service on Sal Cusimano, attorney for Chad Roig (one of the fathers), who was served on July 13, 1999, and Sherry King, attorney for Mark Jenkins (another father), who was served on July 17, 1999.

. The court of appeal confused the dates of service (as reflected in the sheriff’s return) with the date that the Clerk’s office received the returns, stamped them with "received," and filed them in the record. K.P.’s counsel was served on July 13, 1999, and K.P. herself was served on July 15, 1999. A review of the record reveals that all of the defendants were served by July 17, 1999. Even using the Court of Appeal's reasoning that service to one defendant extended the time for appeal for all, the mother’s Motion for Appeal was three days late.