CARAWAY, J.
_|jln this action filed by the State of Louisiana, Department of Children and Family Services, Support Enforcement Services (“State”), seeking to reduce the father’s previously established child support obligation, the trial court denied the requested reduction in child support on the grounds that the evidence failed to prove a material change in circumstances. Finding the appeal untimely, we dismiss the appeal.

Facts

On September 22, 2004, Troy Boulton was ordered to pay child support in the amount of $408.76 in addition to a 5% administrative fee to the State. The support award concerned his two minor children born during his former marriage to Daidre Boulton. At that time, Daidre utilized the services of the State tó obtain the order of support. However, it was the Caldwell Parish District Attorney’s Office which filed a motion to modify Troy’s child support obligation on March 11, 2009, on the grounds that Troy was drawing social security from which the children received a lump sum and monthly payments.
Initially, the district judge dismissed a motion to modify on January 22, 2010, on the grounds that the Caldwell Parish District Attorney’s Office, the initially named plaintiff, had no right of action to pursue *45 the reduction in the child support obligation. Thereafter, on August 3, 2011 (almost one year and eight months later), the State filed the present Amended Motion to Modify the child support obligation re-urging the earlier material change in circumstances. In the alternative, the State argued that the amendment to |2the original motion should be considered as a new motion for modification of the support judgment.
After a hearing, the trial court issued a written judgment on September 30, 2011, denying the State’s request to amend the motion to modify and denying the August 3, 2011 motion to modify the child support obligation on the grounds that “the evidence does not prove any material change of circumstances.” Notice of Judgment was mailed on September 30, 2011.
On November 22, 2001, the State filed a Motion for Appeal which was granted by the trial court on November 29, 2011.

Discussion

This action to modify child support was instituted by the state in accordance with the provisions of La. R.S. 46:236.1.1, et seq. Specifically, the state proceeded under La. R.S. 46:236.1.2(D)(1) which gives it authority to take direct civil action to modify an order or judgment of support. Such actions utilize the child support guidelines of La. R.S. 9:315, et seq., in fixing or modifying the amount of support in the same manner as private child support determinations. State, Dept. of Social Services, ex rel. D.F. v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687; State ex rel. H.B. v. Blair, 40,140 (La.App.2d Cir.8/17/05), 909 So.2d 710, writ denied, 05-2392 (La.3/17/06), 925 So.2d 548. Thus, the child support determinations made in either type of proceedings are the same.
The provisions of La. C.C.P. art. 3943 reads as follows:
An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article |s3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.
La. C.C.P. art. 3942 states:
A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A).
B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.
La. C.C.P. art. 2087(A) reads in pertinent part:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
In 1973, the Louisiana Supreme Court addressed the phrase “judgment awarding” then and now contained in Article 3943[1] in Malone v. Malone, 282 So.2d 119 *46 (La.1973). Describing the wording of the article as “unfortunate,” the court held that the article applied to “appeals from judgments awarding, denying, modifying or terminating” alimony or custody. Other than the expansion of the types of judgments included in Article 3943, the language of the statute remains the same. Indeed the court discussed the main purpose of the statute which was “to codify the [Jurisprudential rule denying a sus-pensive appeal in custody cases and to provide a wife necessary support pending appeal.”
Prior to the 1973 decision, confusion in the circuits had arisen over the language of the statute and the issue of whether it applied only to judgments awarding custody or alimony. The court concluded that such confusion was not intended by the Legislature and that “the uniform treatment of judgments relating to alimony or custody seems to have been intended.” Further the court noted that “strong reason supported] the policy of expediting appeals in alimony and custody matters.” Certainly the same policy continues to underlie the statute as it reads today.
In the present case, the State obtained its appeal after the expiration of the 30-day delay but before the 60-day delay. The State argues that this case “presents a unique set of facts and law,” that is, a question of the application of La. R.S. 9:315.7(D) regarding a credit of social security benefits to the child support obligation, which precludes the application of Article 3942. That argument is not relevant to the question of the timeliness of appeal. La. R.S. 9:315.7 is included in those articles addressing the calculation of the child support obligation and merely gives instruction on the use of social security benefits in that overall calculation. Thus, we consider the request for an alteration of the child support obligation due to these benefits and the resulting judgment as falling within the rule of Article 3943. Because the present appeal was obtained after the 30-day time limit of that Article, and considering the above ruling of the Louisiana Supreme Court, we dismiss the appeal.
APPEAL DISMISSED.

. In 1973, C.C.P. art. 3943 read as follows:
An appeal from a judgment awarding, custody of a person or alimony can be taken only *46 within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.
In 1993, Article 3943 was changed to provide for appeal from “a judgment awarding custody, visitation, or support of a person.”