ROBERT M. MURPHY, Judge.
|2Appellant, A.J., appeals a judgment of termination of parental tights and certification of adoption, rendered On May 20, 2015. Appellee, State of Louisiana, Department of Children and Family Services (“DCFS”), filed a motion to dismiss A.J.’s appeal, contending thát the appeal is untimely pursuant to La. Ch.C. art. 332. For the reasons that follow, we dismiss the appeal as untimely and remand the matter to the trial court for further proceedings.
PROCEDURAL HISTORY
On May 15, 2015, the trial court held a trial on the merits, wherein it terminated all parental rights of A. J. .and S.K, relative to the child S.K., and certified S.K. for adoption. The trial court signed .a judgment to that effect on-May 20, 2015, which the Clerk of Court mailed to all parties on that same day.
laOn June .12, 2015, A.J. filed a motion for a suspensive appeal of the May 20, 2015 judgment terminating his parental rights. Later that same day, A.J. filed an amended motion for a suspensive appeal of the May 20, 2015 judgment. On June 26, 2015, the .trial court signed,an order granting-A. J.’s motion for a suspensive appeal of the May 20, 2015 judgment. DCFS’s motion to dismiss the appeal now follows.
DISCUSSION
In State ex rel. C.P., 00-2703 (La.1/17/01), 777 So.2d 470, the Louisiana Supreme Court considered the timeliness *1104 of an appeal from a judgment terminating the parental rights of the appellant. The Court provided as follows:
Courts shall avoid delays in resolving the status of the parent and in achieving permanency for the child. La. Ch.Code art. 1032. All phases of termination of parental rights proceedings are thus to be given priority. State in the interest of S.M., 98-0922 (La.10/20/98), 719 So.2d 445, 453 (La.1998). Consistent with the statutory scheme of expediency, the Louisiana Children’s Code provides that appeals shall be taken within fifteen days from the signing of the judgment, or from the mailing of notice of judgment when required. La. Ch.Code art 332.
Id. at 471. La. Ch.C. art. 332(A) provides, in pertinent part, that “appeals shall be taken within fifteen days from the mailing of notice of judgment.” Because more than fifteen days had elapsed from the date of the mailing of the notice of signing of judgment and the date of the filing of the appellant’s motion for appeal, the Court concluded that the appellant’s appeal was untimely pursuant to La. Ch.C. art. 332. State ex rel. C.P., 111 So.2d at 471-72.
In the instant case, the May 20, 2015 judgment terminating A.J.’s parental rights was mailed by the Clerk of Court on that same date, May 20, 2015. Therefore, under La. Ch.C. art. 332, A.J. was required to file his motion for a suspensive appeal of that judgment within fifteen days from May 20, 2015, or by June 4, 2015. Because our review of the record shows that A. J. did not file his 14motion for appeal until June. 12, 2015, we find that A.J.’s appeal is untimely pursuant to La. Ch.C. art. 332. Accordingly, we dismiss this appeal, as this Court is without appellate jurisdiction to hear the appeal.
CONCLUSION
For the foregoing reasons; we hereby dismiss this appeal as untimely and remand the matter to the trial court for further proceedings. Costs of this appeal are assessed against appellant, A.J.

APPEAL DISMISSED: CASE REMANDED