JUDE G. GRAVOIS, Judge.

JaINTRODUCTION

Appellee, Stacey Marie Bye, moved to dismiss the appeal of appellant, Dean Michael Bye, on the grounds that the appeal is untimely. For the following reasons, we grant appellee’s motion to dismiss the appeal and accordingly dismiss the appeal.

FACTS AND PROCEDURAL BACKGROUND

This suit (Rule for Child Support) was brought in the Juvenile Court, Parish of Jefferson, State of Louisiana, by the State of Louisiana, Department of Children and Family Services (“the Department”) as plaintiff pursuant to La. R.S. 46:236.1.1, et seq., seeking child and/or medical support from defendant, Dean Michael Bye, on behalf of his son, the minor child C.B., who is a recipient of services, from the Department.[1] A final judgment finding Mr. Bye responsible for the support obligation of $559.65 per month was rendered on November 16, 20151 sin open court. Notice of the judgment was mailed to each /party and their counsel that same day. No motion for a new trial was filed.
Appellant Mr.. Bye filed a motion and order for an appeal on December 10, 2015. The record was lodged in this Court on February 23, 2016. Appellee Mrs. Bye filed a motion to dismiss the appeal on April 14, 2016.[2]
In her motion,' appellee argues that the appeal delays in this case lapsed on December 1, 2015, as per La. Ch.C. art. 332 (15 days), thus making appellant’s motion for an appeal filed on December 10, 2015 untimely. Appellee contends that the appellate delays found in La. C.C.P. art. 3942 (30 days) do not apply to this case, citing State in Interest of K.B., 30,358 (La.App. 2 Cir. 8/21/97), 698 So.2d 761.

ANALYSIS

This proceeding is from the Jefferson Parish Juvenile Court. La. Ch.C. art. 103, provides that “[ejxcept as otherwise specified in any Title of this Code, the provisions of the Children’s Code shall be applicable in all juvenile court proceedings, and only to such proceedings.” La. Ch.C. art. 104 provides, in pertinent part, that “[wjhere procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with ... (2) The Code of Civil Procedure in all other matters.” La. Ch.C. art. 332 provides, in pertinent part:
A. Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment.[3] However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.
|4B. Notice of judgment, including notice of orders or judgments taken under *1209 advisement, shall be as provided in Code of Civil Procedure Article 1913.
(Emphasis added.)
Upon review, we find that appellee’s motion to dismiss the appeal has merit. As stated above, La. Ch.C. arts. 103 and 104 provide that the provisions of the Children’s Code apply to all juvenile court proceedings and that the Code of Civil Procedure shall apply in the absence of provisions in the Children’s Code. La. Ch.C. art. 332, quoted above, sets the “default” appeal delay as 15 days from the date of the mailing of notice of the judgment for matters not otherwise provided for within the Children’s Code.[4] This type of support proceeding does not have a separate appeal delay otherwise provided for within the Children’s Code. The Code of Civil Procedure, however, provides in Articles 3942 and 3943 that an appeal from a judgment awarding “support of a person” shall be taken within 30 days from the date of mailing of notice of the judgment. At issue is whether the 15-day appeal-delay provisions of the Children’s Code apply herein, or whether the 30-day appeal-delay provisions of the Code of Civil Procedure apply herein.
Because this proceeding was brought in the juvenile court, rather than in the district court, and the Children’s Code contains procedural articles relative to appellate delays, the 15-day appeal delay found in La. Ch.C. art. 332 applies herein, instead of the 30-day appeal delay found in the Code of Civil Procedure. A diligent search of the jurisprudence has failed to locate a civil case from a juvenile court that applied an appellate delay from the Code of Civil Procedure, or a case from a juvenile court arising under La. R.S. 46:236.1.1 that discusses La. Ch.C. art. [s332.' While there are several appellate cases from a juvenile court arising under that statute, none of them discuss the issue of appeal delays.
Case law appears clear that the appellate delays of the Children’s Code apply to cases originating in a juvenile court, and also to cases “under the Children’s Code” brought in district courts. State in Interest of K.B., 30,358 (La.App. 2 Cir. 8/21/97), 698 So.2d 761, cited by appellee in her motion, concerned a motion to dismiss the appeal of a judgment terminating parental rights rendered in the district court, not in a juvenile court. Its applicability, therefore, is limited in the instant matter. There, the appellate court found that the judgment was “under the Children’s Code” and the appeal was untimely, holding that the shorter delays found in La. Ch.C. art. 332 applied to appeals taken from “judgments under the Children’s Code,” and that La. C.C.P. art. 2123 did not apply.[5] Though the KB. court did not define what it meant by a judgment “under the Children’s Code,” presumably it meant a proceeding with a cause of action set forth in the Children’s Code, not in the Revised Statutes, as in the instant case.[6]
*1210 In the instant case, the appealed judgment is from the juvenile court awarding support pursuant to La. R.S,’46:236.1.1, et seq. Because the judgment comes from the juvenile court, the procedural provisions of the Children’s Code apply, rather than the Code of Civil Procedure. See La. C.Ch. arts. 103 and 104. The appellate delays of Article 332 apply herein because there are no other more | (¡specific appellate delays in the Children’s Code that apply to a support’ judgment. Accordingly, Mr. Bye’s appeal, taken more than 15 days from the date of notice of the judgment, is untimely.
CONCLUSION
For the foregoing reasons, appellee’s motion to dismiss appeal is hereby granted. This appeal is accordingly dismissed.

APPEAL DISMISSED

. A support proceeding pursuant to La. R.S. 46:236.1.1, et seq., may be brought either in district court or in juvenile court. La. C.Ch. art. 311(B)(1)(b).

. This Court requested that appellant'file a written response to the issues raised in the motion to dismiss the appeal; appellant, however, did not file a response.

.La. C.C.P. art.1913, made applicable by Louisiana Children’s Code arts. 104 and 332(B), requires only the mailing of a notice of the judgment. The dates of service, delivery,- or receipt of the notices are not determinative of commencement of the running of appeal delays. State ex rel. C.P., 00-2703 (La. 1/17/01), 777 So.2d 470, 472.

. An example of a matter "otherwise provided within a particular Title” of the Children’s Code is a Title XII adoption proceeding, where the appeal delays are 30 days as per La. Ch.C. arts. 1259-1261.

. See also State ex rel. S.K., 15-CM-457 (La.App. 5 Cir. 7/29/15), 189 So.3d 1103, published ruling on motion.

. See also State ex rel. B.S., 12-81 (La.App. 3 Cir. 5/2/12), 94 So.3d 120, in which the appellate court held that the appellate delays of La. Ch.C. art. 332 applied to a district court judgment in a child in need of care proceeding, a cause of action that arises out of the Children's Code.
Conversely, in State v. Boulton, 47,341 (La.App. 2 Cir. 8/8/12), 156 So.3d 44, the appellate court found that an appeal of a district court judgment ordering support as per La. R.S. 46:236.1.1 was untimely when taken more than 30 days after the mailing of the notice of the judgment. In that opinion, the appellate court did not consider La. Ch.C. art. 332; that article is not discussed. The court instead considered the appellate delays found *1210 in La. C.C.P. art. 3942 and 3943 (30 days, devolutive) versus the "default” appellate delays found in La. C.C.P. art. 2087(A). The court held that because this judgment was one concerning support, the particular Articles 3942 ‘and 3943 applied. This result, applying the Code of Civil Procedure, is consistent with the above jurisprudence, because Boulton neither arose “under the Children's Code,” nor originated in a juvenile court.