# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**16-243**


**STATE OF LOUISIANA**

**IN THE INTEREST OF**

**B.D.L.**


**********

APPEAL FROM THE
TWELTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2013-J-8531-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********
**ELIZABETH A. PICKETT**

**JUDGE**

**********


Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


                                        **APPEAL DISMISSED.**



**D.P.B.**
**675 Government Street**
**Marksville, Louisiana 71351**
     **BIOLOGICAL FATHER OF B.D.L.**

**Donna DeSoto**
**Avoyelles Parish CASA**
**Post Office Box 687**
**Marksville, Louisiana 71351**
**COURT APPOINTED SPECIAL ADVOCATE FOR:**
     **B.D.L.**

**Judith Gremillion, CWSIV**
**Avoyelles Parish Department of Children and Family Services**
**607 Tunica Drive**
**Marksville, Louisiana 71351**

**Benjamin D. James**
**Attorney at Law**
**Post Office Box 544**
**Marksville, Louisiana 71351**
**COUNSEL FOR APPELLANT (BIOLOGICAL MOTHER OF B.D.L.):**
    **K.B.**

**Guy R. Lain**
**Bureau of General Counsel**
**Department of Children and Family Services**
**1648 Carter Street**
**Vidalia, Louisiana 71373**
**COUNSEL FOR APPELLEE:**
    **STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY SERVICES**

**Maria A. Losavio**
**Attorney at Law**
**Post Office Box 12420**
**Alexandria, Louisiana 71315-2420**
**COUNSEL FOR INTERVENORS:**
    **J.J. and B.J.**

**Henry Howard Lemoine, Jr.**
**Attorney at Law**
**607 Main Street**
**Pineville, Louisiana 71360**
**COUNSEL FOR APPELLANT (BIOLOGICAL MOTHER OF B.D.L.):**
    **K.B.**

**Harold A. Murry**
**Attorney at Law**
**610 Murray Street**
**Alexandria, Louisiana 71301-8021**
**COUNSEL FOR INTERVENORS:**
    **J.J. and B.J.**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**ROY & SCOTT, ATTORNEYS AT LAW**
**107 North Washington Street**
**Marksville, Louisiana  71351**
**COUNSEL FOR APPELLANT (BIOLOGICAL MOTHER OF B.D.L.):**
     **K.B.**

**Renee Y. Roy, Assistant District Attorney**
**Attorney at Law**
**Post Office Box 501**
**Mansura, Louisiana  7135**
**COUNSEL FOR APPELLEE:**
     **STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY SERVICES**

**Mahogany M. Watkins**
**Attorney at Law**
**620 Murray Street**
**Alexandria, Louisiana  71301**
          **COUNSEL FOR THE MINOR, B.D.L.**

**PICKETT, Judge.**

This court issued a rule ordering Appellant, K.B., the biological mother of the minor, B.D.L., to show cause, by brief only, why her appeal should not be dismissed as untimely. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

This matter began when B.D.L., who was nearly two weeks old[1] at the time, was taken into custody by the State of Louisiana on June 3, 2013, after the Department of Children and Family Services (DCFS) in Avoyelles Parish was notified that the child's meconium tested positive for amphetamine, methadone, and benzodiazepines at birth. The instanter order was issued on June 3, 2013, and the continued custody hearing was held on June 5, 2013. B.D.L. was placed with Intervenors, J.J. and B.J., upon B.D.L.'s release from the hospital after being born.

B.D.L. was adjudicated a child in need of care on September 4, 2013. The goal of the case plan had been reunification, until a June 11, 2014 case review hearing where DCFS recommended a primary goal of adoption. On October 15, 2014, DCFS filed a petition to terminate the parental rights of the biological mother, K.B.; the biological father, D.P.B.; and the legal father, B.L.

On August 5, 2015, J.J. and B.J. filed a petition for intervention seeking to maintain custody of B.D.L. and to adopt him if allowed. On August 18, 2015, J.J. and B.J. filed a petition for protection from abuse pursuant to La.Ch.Code art. 158.

On September 9, 2015, a hearing was held to address: (1) case plan review; (2) a petition for protection from abuse filed by J.J. and B.J. on behalf of B.D.L.; (3) petition for intervention filed by J.J. and B.J.; and (4) motion for mental evaluation pursuant to La.Ch.Code art. 654 filed by J.J. and B.J. on behalf of B.D.L. At the

---

[1] B.D.L. was born on May 21, 2013.

hearing, DCFS changed its position on the primary goal being adoption and instead recommended reunification. The trial court took the matter under advisement and rendered reasons for ruling on October 22, 2015. In those reasons for ruling, the trial court indicated that: (1) it would not order termination of parental rights because of the efforts made by K.B. to establish a relationship with B.D.L.; (2) it would dismiss the petition for protection from abuse based on its belief that K.B. did not commit any intentional act of abuse and its belief that B.D.L. was not in any danger in the presence of K.B.; (3) in the best interests of the child, custody of B.D.L. would be granted to J.J. and B.J., and no visitation issues would be addressed; and (4) the motion for mental evaluation of B.D.L. would be dismissed as moot. A written judgment reflecting these rulings was signed on October 27, 2015. Notice of judgment issued the same day. All of the relevant proceedings were held in the Juvenile Court for the Twelfth Judicial District Court in the Parish of Avoyelles.

K.B. filed a motion and order for appeal on November 25, 2015, seeking an appeal from the October 27, 2015 judgment. The order of appeal was signed on December 1, 2015. When the record was lodged in this court, a rule to show cause was issued to K.B. to show cause, by brief only, why the appeal of the judgment granting custody of B.D.L. to J.J. and B.J. should not be dismissed as untimely. *See* La.Ch.Code art. 332.

### DISCUSSION

Pursuant to La.Ch.Code art. 332, "[e]xcept as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment." The delay for applying for a new trial is three days, exclusive of holidays, from the mailing of notice of judgment. La.Ch.Code

2

art. 332.  It has been held that La.Code Civ.P. art. 2123, which provides the delay for taking a suspensive appeal, "does not apply to appeals taken from judgments under the Children's Code." *State in the Interest of K.B.*, 30,358, p. 2 (La.App. 2 Cir. 8/21/97), 698 So.2d 761, 762.  This shortened delay for taking a suspensive appeal is "consistent with the statutory scheme of expediency." *State in the Interest of S.K.*, 15-457, p. (La.App. 5 Cir. 7/29/15), ___ So.3d ___, ___.

In the instant matter, the written judgment was signed and notice of judgment was sent on October 27, 2015.  K.B. did not move for a new trial.  K.B.'s motion for appeal, however, was filed on November 25, 2015,[2] after the delays had expired for applying for a new trial or an appeal.  *See* La.Ch.Code art. 332.

"The courts of appeal have consistently held that an appeal not timely filed in juvenile matters shall be dismissed." *State ex rel. C.P.*, 00-2703, p. 2 (La. 1/17/01), 777 So.2d 470, 471.  "[W]hen no other party has filed for an appeal," the party seeking the appeal "is not entitled to have [their] time for appeal extended." *Id.* at 472.

Courts have discussed the nature of juvenile proceedings:  "[i]t is settled that juvenile proceedings are not purely civil matters but are [s]ui generis." *In re Rome*, 316 So.2d 759, 760 (La.App. 1 Cir. 1975).  Earlier cases interpreted that to mean that "[t]he prescriptions set forth in the Code of Criminal Procedure and the Code of Practice pertain to appeals in criminal and civil cases respectively and cannot by inference or implication be extended to appeals from the Juvenile Court in cases concerning the general welfare of children.  Such cases are not to be classed as

---

[2] Fifteen days from October 27, 2005, was November 11, 2015.

3

civil or criminal--indeed, they are sui generis." *In Re Diaz*, 211 La. 1015, 1017, 31 So.2d 195, 196 (1947). [3]

"Where procedures are not provided in [the Children's Code] . . . the court shall proceed in accordance with . . . the Code of Civil Procedure." La.Ch.Code art. 104. K.B. argues, in brief, that La.Ch.Code art. 332 is inapplicable since the October 27, 2015 judgment awarded custody of B.D.L. to J.J. and B.J., adjudged B.D.L. to no longer be a child in need of care, and divested the State of Louisiana of any custody and/or responsibility concerning B.D.L. K.B. argues that La.Code Civ.P. art. 3943 is applicable instead. Louisiana Code of Civil Procedure Article 3943 provides that "[a]n appeal from a judgment awarding custody . . . can be taken only within the delay provided in Article 3942[,]" which is "thirty days from the applicable date provided in Article 2087(A)." In this case since no motion for new trial was made, the delay for appeal, if La.Code Civ.P. art. 3943 is applicable, would be thirty days from "[t]he expiration of the delay for applying for a new trial." La.Code Civ.P. 2087(A). According to K.B. this "is not a typical adjudication or disposition within a child in need of care proceeding; rather, the district court granted J.J. and B.J. request for *custody* of the minor child." (Emphasis in original.)

While this may not be a "typical adjudication or disposition," it is clear that this matter is a child in need of care proceeding and that the Children's Code has its own delay for an appeal from a judgment rendered in a juvenile proceeding. It is also important to note that there is no specific provision in the Children's Code that provides for a different time delay for a judgment awarding custody to a non-

_____

[3] *In Re Diaz* was decided when there was no statute setting forth a prescriptive period for the perfection of appeals in juvenile proceedings. *In Re Rome*, 316 So.2d 759.

parent and finding the child to no longer be a child in need of care other than the delay set forth in La.Ch.Code art. 332. *See State ex rel. E.A.*, 02-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594. As in *Interest of C.C. v. E.C.C.*, 01-1364, p. 11 (La.App. 3 Cir. 3/20/02), 813 So.2d 576, 583, this court "reject[s] the argument that somehow this proceeding was converted by the trial judge into a civil proceeding . . . . The record reveals that this was a juvenile case from the beginning to the end and that everyone so understood." In *Interest of C.C.*, the juvenile court trial judge rendered a judgment of disposition that terminated the custody of the State and gave the biological father of the children custody. This court held that "[t]he adjudication was conducted strictly under the auspices of the Children's Code. It was not conducted, as the mother would have us believe, as a hybrid juvenile and civil proceeding. The nature of the proceeding was clear from the beginning." *Id.* at 582-583. Such is the case here.

Accordingly, we find that La.Code Civ.P. art. 3492, which sets forth the delay for an appeal from a judgment awarding custody, is inapplicable in child in need of care proceedings. K.B.'s motion for appeal was not timely filed.

This court, in *Seaman v. Seaman*, 10-1295, p. 6 (La.App. 3 Cir. 12/15/10), 54 So.3d 756, 760, pointed out that: "[N]either the trial court nor the appellate court has the authority to extend the delays for seeking an appeal since the timeliness of an appeal is a jurisdictional issue." This court dismissed an appeal in a case in which the state, as appellee, did not oppose an extension of time within which to file an appeal where the attorney for the mother (whose parental rights had been terminated) had withdrawn as counsel before proceeding with the appeal. *State in the Interest of E.A.*, 2002-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594,

5

Therefore, the delay that K.B. had to perfect her appeal in this matter cannot be extended by this court. Her appeal must be dismissed.

## DECREE

We dismiss K.B.'s appeal as untimely since it was not taken within the fifteen-day delay provided by La.Ch.Code art. 332.

**APPEAL DISMISSED.**