485 So.2d 504 (1986)
STATE of Louisiana In the Interest of JENNIFER W.
No. 85-CK-2175.
Supreme Court of Louisiana.
March 31, 1986.
Opinion Concurring in Part and Dissenting in Part April 14, 1986.
*505 Robert B. Schambach, Metairie, for applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Mamoulides, Dist. Atty., Denis Ganucheau, Kenneth W. Kirchem, Janice L. Kazmier, Samuel Stephens and Lois Bates, Asst. Dist. Attys., for respondent.
WATSON, Justice.
In this dispute over a minor child, the issue is whether the juvenile court may allow intervening parties and receive expert testimony when the Department of Health and Human Resources has custody of the child and a plan for her adoption.
The Department of Health and Human Resources (DHHR) received custody of the minor Jennifer and her sister on November 24, 1984, after the sister was hospitalized for chronic subdural hematomas which proved fatal on December 22, 1984. Jennifer also showed evidence of child abuse and the mother made a voluntary surrender of custody to the DHHR on May 24, 1985. Jennifer was placed in a foster home and commenced visitation at a prospective adoptive home. It was intended that Jennifer be placed in the adoptive home on October 1, 1985.
On September 24, 1985, another couple filed a petition for habeas corpus alleging that they wished to adopt Jennifer and desired to intervene and present expert testimony about irreparable harm which might result from the department's proposed placement.
The juvenile court issued a temporary restraining order to prevent the child's transfer and appointed a medical expert to interview the child and all prospective adoptive parents. The trial court ordered the DHHR to show cause why: a writ of habeas corpus should not be issued; a preliminary injunction granted; and further medical and psychological testimony taken concerning the child's transfer of custody. The court prohibited any change in physical custody of the minor pending resolution of the preliminary injunction.
The Court of Appeal, Fifth Circuit, dissolved the stay order, dismissed the intervention, and ordered the DHHR to proceed with its plan on the ground that custody of the child was already with the DHHR under LSA-R.S. 13:1580,[1] citing State in the Interest of Sapia, 397 So.2d 469 (La., 1981). A writ was granted to review the order of the court of appeal. 479 So.2d 357 (La., 1985).
*506 Sapia held that the juvenile court has the ultimate authority for the placement of minors adjudged to be in need of care or supervision, but noted:
"Only where the custody of the child is initially assigned by the judge to the Department of Health and Human Resources may the Department make the determination as to where the child should be placed." 397 So.2d at 474.
Sapia stands for the proposition that the juvenile court has the ultimate authority over a child's placement. Here, Jennifer was not assigned to the DHHR by a judge but by her mother. Even when the custody of a child has been assigned to the DHHR, LSA-R.S. 46:2427 A[2] makes it clear that the juvenile court retains review power. Since the court has the power to conduct a dispositional review hearing on its own motion,[3] it follows that the court may allow intervention and/or evidence from other parties when this appears to be in the best interest of the child. The child or any other person may be ordered to be present during the review hearing.[4] The statute allows notice to "other parties of interest,"[5] and authorizes the court to place custody with an "individual on a permanent basis."[6]
For the foregoing reasons, the order issued by the Fifth Circuit Court of Appeal is vacated and the judgment of the trial court *507 ordering a hearing and expert testimony is reinstated.
COURT OF APPEAL ORDER VACATED: TRIAL COURT JUDGMENT REINSTATED.
LEMMON, J., concurs in part, dissents in part and assigns reasons.
LEMMON, Justice, concurring in part and dissenting in part.
I agree that the intervenors should be allowed (by intervention or some other procedure) to present to the court any evidence or information currently in their possession bearing on the issue whether the proposed permanent placement is in the best interest of the child. I disagree, however, with affirming the broad order of the juvenile court that allows intervenors (who are seeking to adopt this child) to enter into the permanent placement proceeding for the purposes of developing evidence against the proposed adoptive parents and of furthering their own interest in adopting this child.
This matter began in the juvenile court as a permanent placement proceeding under La.R.S. 13:1606, which applies after a voluntary surrender of the child to the Department.[1] If the Department does not report to the court on permanent placement of the child within ninety days of the surrender, the statute requires the court to appoint an attorney to represent the child and to hold a review hearing in a permanent placement proceeding.
In this case the juvenile judge on August 26, 1985 issued an order to the Department to show cause on September 23 why no report had been made regarding the finding of a permanent home for the child within ninety days of the May 24 surrender. After the hearing on September 23, the court determined that the Department "is making every effort to effectuate a permanent placement and the child will be placed in a prospective adoptive home on 10/1/85". The court also set a further review hearing for six months hence, in accordance with the statute.
The following day, intervenors filed a petition for habeas corpus. Intervenors stated that the Department had informed them that they had not completed the qualification requirements to adopt a child and that the adoption of this child had already been predetermined. Intervenors further asserted that the current plans for adoption were not in the best interest of the child and that they desired to present evidence, consisting in part of the testimony of an expert paid for by them, relative to the best interests of the child. The juvenile judge signed an order appointing an expert to examine intervenors, the adoptive parents and the child regarding any possible transfer of custody, and further requiring the Department to show cause why the physical transfer of the custody should not be enjoined.
At the outset of the hearing on the petition for habeas corpus, the judge overruled the Department's exception to the intervention. The judge then stayed further proceedings and permitted the Department to apply to the court of appeal for supervisory writs. On the Department's application, the court of appeal ordered the juvenile court to dismiss the intervention and to allow the Department to proceed.
The central issue is whether the intervention was proper. R.S. 13:1606 C(5) provides that "[a]ny interested person, agency, or organization may intervene in the review proceedings to facilitate the permanent placement and to insure that the best interests of the child are protected".
Arguably, the juvenile judge did not abuse his discretion in allowing the intervention for the limited purpose of presenting evidence that the proposed permanent placement was not in the best interest of the child. If intervenors presently have evidence bearing on this issue, then it was certainly appropriate for the juvenile judge *508 to receive this evidence, and intervention was perhaps a suitable means for bringing this evidence before the court (particularly if, as suggested, the attorney appointed to represent the child disagreed that the evidence should be presented). To the extent that intervenors were in the possession of relevant evidence, they could reasonably be construed as "interested person[s]" within the contemplation of the statute. However, it was not appropriate to permit intervenors to intervene in the permanent placement proceedings either (1) for the purpose of developing evidence unfavorable to the proposed adoptive parents and favorable to themselves, or (2) for the purpose of furthering in any manner their own interest in adopting this particular child. Total chaos would result if the juvenile court allowed any party interested in adopting a child to intervene in a permanent placement proceeding in order to further his own interest in an adoption, rather than requiring the party to proceed through the usual administrative channels for applying for an adoption.
I would permit the intervention for the limited purpose of allowing intervenors to present any evidence already in their possession bearing on the best interest of the child with regard to the proposed permanent placement. I dissent, however, from allowing intervenors to intervene for the purpose of developing evidence unfavorable to the proposed adoptive parents or for the purpose of furthering their own interest in adopting this particular child. Furthermore, while the juvenile judge may in his discretion order psychological examinations of the prospective adoptive parents and the child, any such examination of the intervenors is entirely inappropriate because their psychological condition is totally irrelevant to the present proceedings.
NOTES
[1] LSA-R.S. 13:1580 provides:

"A. Notwithstanding any provision of law to the contrary, including but not limited to any provision of the Code of Juvenile Procedure, when a child is referred to the Department of Health and Human Resources or the Department of Public Safety and Corrections for care and treatment, and when such care and treatment are to be provided in a setting other than the child's own home or the home of a relative, the child shall be assigned to the custody of the department rather than to a particular institution or facility.
"B. This provision for the assignment of custody shall apply regardless of whether the care and treatment are provided directly by the respective departments or through purchase of service arrangements for which the respective departments provide funding.
"C. The Department of Health and Human Resources or the Department of Public Safety and Corrections, as the case may be, shall have authority to select the types of services and service setting from the resources that are available which are most appropriate to the child's needs.
"D. The respective department shall place the child in that setting within thirty days after the necessary evaluations have been completed and submitted to the appropriate department unless the court after written notification and for good cause shown grants an ex parte extension of time to place the child."
[2] LSA-R.S. 46:2427 provides:

"A. The court shall conduct a dispositional review hearing at least once every twelve months after the child, pursuant to a child in the need of care proceeding, is placed in foster care or enters the custody of the department, whichever is earlier, or upon the request of the department, an agency or institution directly responsible for care or placement of the child, a parent, a mature child through his attorney, or upon its own motion. The court shall schedule the hearing as soon as possible after receiving a request.
"B. The court may order that the child or any other person by [sic] present during the review.
"C. The clerk of the court shall notify the parties listed in Subsection A of this Section and other parties of interest. Such notice shall state the time and place of the review. The department shall, upon his request, provide the clerk of the court with information concerning the whereabouts and identity of such parties.
"D. The court shall enter an order within twenty days of the review hearing. The order shall include a determination of:
"(1) Whether the child should be returned to the parent.
"(2) Whether the child should be placed for adoption, including whether a termination of parental rights proceeding should be initiated.
"(3) Whether the child shall continue in foster care or department custody, or both, for a specified period.
"(4) Whether the child, because of his special needs or circumstances, should be placed in the custody of a responsible relative or individual on a permanent basis or should continue in foster care or department custody, or both, on a permanent or long term basis.
"E. If the court determines that the child should be placed in the custody of a relative or responsible individual or continued in foster care or department custody, or both, it shall include written findings specifying why return home or termination of department custody, or both, or another permanent placement is not possible. If the current placement is not expected to be permanent, the court shall specify a projected timetable for return home or another permanent placement. If the timetable set forth by the court is not met, the department shall promptly notify the court and the parties listed in R.S. 46:2427(A).
"F. In the course of the dispositional review, the court may determine the adequacy and compliance with the case permanency plan and case progress report. In addition to other dispositional orders pursuant to C.J.P. Article 85, the court may:
"(1) Order the department to develop or expand a case permanency plan or case progress report which must be submitted ten days after the hearing.
"(2) Set a court hearing at a specific later time.
"(3) Direct the local citizen review board to review the status of the child prior to its next six month review.
"G. The court shall base its determination and findings at the dispositional review hearing upon the competent evidence presented. The court may consider the case permanency plan, case progress report, and observations and recommendations of the local citizen review board, to the extent of their probative value."
[3] LSA-R.S. 46:2427 A.
[4] LSA-R.S. 46:2427 B.
[5] LSA-R.S. 46:2427 C.
[6] LSA-R.S. 46:2427 D(4).
[1] The majority opinion discusses only the procedure in La.R.S. 46:2411 et seq., which pertains to Foster Care Review Boards.