DUFRESNE, Judge.
This is an appeal by the Department of Health and Human Resources (DHHR) from a judgment of the Juvenile Court granting the physical custody of the juvenile to an individual and legal custody to DHHR.
FACTS
In November of 1982, DHHR was awarded custody of the minor child, N.H. In September of 1985, physical custody of N.H. was transferred to Southeast Louisiana State Hospital in Mandeville, Louisiana. During a review hearing on March 18, 1986, testimony revealed that N.H. was ready to be discharged from the hospital. A Ms. Aguilara, with whom N.H. had been staying on weekends, was willing to accept physical custody of N.H. but, at the time of the hearing, had not been certified for foster care by DHHR although an investigation was in progress. Ms. Aguilara was willing to accept custody despite the fact that she would not be receiving foster care payments. Two group homes were willing to consider N.H. if she agreed to go to them, however, N.H. said that she would run away if placed in those homes. The trial court granted physical custody of N.H. to Ms. Aguilara and legal custody to DHHR. The trial court also stated that a placement review hearing would be conducted in six weeks. On March 26, 1986, the trial court heard and denied DHHR’s motion to modify the disposition, in which DHHR argued that the trial court’s granting of physical custody of N.H. to Ms. Aguilara was erroneous.
On appeal DHHR has assigned the following errors for our review:
1. The Juvenile Court erred in assigning physical custody of the minor child to a particular individual when legal custody of that child was clearly vested with the Department of Health and Human Resources. *93 Said order contradicted the directives of R.S. 13:1580.
2. The Juvenile Court erred in assigning physical custody of the minor child to a particular individual who was [not] of a state licensed foster home. Said order contradicted the directives of R.S. 46:283.
ASSIGNMENT OF ERROR NO. 1
DHHR argues that a juvenile court may not grant physical custody of a minor child once it has given legal custody of the same minor to DHHR. In support of its contention they cite State in the interest of Sapia, 397 So.2d 469 (La.1981).
In State in the interest of Jennifer W., 485 So.2d 504 (La.1986) the Louisiana Supreme Court allowed a juvenile court judge to stay a child’s placement into an adoptive home and to allow introduction of expert testimony taken concerning the child’s transfer of custody after another couple who wished to adopt the child filed a petition of habeas corpus. The Louisiana Supreme Court stated that “Sapia stands for the proposition that the juvenile court has the ultimate authority over a child’s placement.” Id. at 506. The court then noted that in the case at bar, the child was not assigned to DHHR by the juvenile court but by her mother. The court also said that even when custody of a child had been assigned to DHHR, the juvenile court retained jurisdiction to conduct dispositional review hearings pursuant to R.S. 46:2427.
Since the court has the power to conduct review hearings, pursuant to Code of Juvenile Procedure Art. 85, it may give legal custody to DHHR and physical custody to a private person. C.J.P. Art. 85 provides in pertinent part:
A. In a case in which a child has been adjudicated to be in need of care, the court may:
(1) Place the child in the custody of a parent or such other suitable person on such terms and conditions as deemed in the best interest of the child;
(2) Place the child in the custody of a private or public institution or agency;
(3) Commit a child found to be mentally defective to a public or private mental institution or institution for the mental defective; or
(4) Make such other disposition or combination of the above dispositions as the court deems to be in the interest of the child, [emphasis added]
“In custody cases the sole criterion is the best interest of the child, and the trial court’s judgment will not be overturned absent a clear showing of an abuse of discretion.” (footnotes omitted) State in the interest of Simolke, 422 So.2d 196, 198 (La.App. 4th Cir.1982).
The record supports a conclusion that the trial court’s judgment is in the best interest of the child: 1) the child was in a state institution; 2) the institution had approved of the child’s staying with Ms. Aguilara on weekends; 3) Ms. Aguilara was willing to accept the child without a foster care contract; 4) the child had threatened to run away from other placement; and 5) the juvenile court planned for review of the placement within six weeks. There is no abuse of discretion in the trial court’s ruling.
ASSIGNMENT OF ERROR NO. 2
R.S. 46:281 et seq sets forth the regulations for persons who contract to provide foster care. R.S. 46:283 provides that no contract shall be awarded prior to a determination of eligibility. In this case Ms. Aguilara is being investigated to determine her eligibility, but no determination had been made at the time of the hearing. Ms. Aguilara expressed her willingness to care for the child without the contract (or any compensation) prior to the determination of eligibility.
The appellants argue that because Ms. Aguilara has not yet been found eligible for a foster care contract, the trial court erred in placing N.H. in her physical custody. However, R.S. 46:281 et seq does not bar placement of the child. Although in most cases it would appear that a private person should first meet the requirements *94 of foster care eligibility before being given custody of a child, the individual circumstances of this case may indicate otherwise. Ms. Aguilara was considered acceptable for weekend visits by the state hospital that had physical custody of N.H. and she had previously cared for a sister of N.H. There are no allegations in the record that her care of N.H.’s sister was inadequate.
The placement of the minor here does not disrupt the process of DHHR finalizing its evaluating of Ms. Aguilara to determine her eligibility for a foster care home.
Further, the juvenile judge indicated that his placement decision would be reviewed in six weeks. We find the judgment of the Juvenile Court to be in the best interests of the minor child and find no error therein.
Accordingly, we affirm the judgment of the Juvenile Court assigning the physical custody to Ms. Aguilara.
AFFIRMED.
BOWES, J., dissents with written reasons.