BOWES, Judge,
dissenting.
I must respectfully dissent on two points from the majority opinion of my learned brothers. While I agree with the majority that the Juvenile Court has ultimate authority for the placement of minors adjudged to be in need of care or supervision, once the Juvenile Court grants legal custody to the Department of Health and Human Resources, it is the Department which has the authority to find placement for the child pursuant to LSA-R.S. 13:1580. State in Interest of Sapia, 397 So.2d 469 (La.1981). I hasten to recognize, with great approval, that the court has the right to find that the best interest of the child necessitates termination of the legal custody of the Department, and, upon such finding and termination, the court then has the power to place the child with the facility it finds most appropriate to meet the child’s best interest. In the instant case, however, there was no finding by the court that the Department was not properly caring for the child, and it does not appear from the record that the court intended to terminate the Department’s legal custody. Therefore, pursuant to the holding of the Supreme Court in Sapia, the court, in my opinion, did not have authority to determine the physical custody of the child at that time.
The majority opinion relies upon State in Interest of Jennifer, 485 So.2d 504 (La.1986), in which it was held that the Juvenile Court has the power to conduct review hearings in determining the placement of a child when the custody of the child was assigned to the Department, not by the Juvenile Court, but by the child’s mother. Jennifer, however, in my view, is distinguishable from the instant case in which the Juvenile Court, and not the parent, granted legal custody of the child to the Department.
Secondly, I cannot agree that the record supports a conclusion that the Juvenile Court’s judgment is in the best interest of the child. Statements made on behalf of the Department at the hearing before the Juvenile Court indicate that the Department had reason to believe there was criminal conduct in the family of Ms. Aguilara, the prospective foster care parent. By its judgment, the Juvenile Court, apparently against the wishes of the Department, precluded them from investigating this potential real danger to the child. Simply because the State institution, where the child had been staying, had approved the child’s staying with Ms. Aguilara on weekends, is no justification for placing the child with Ms. Aguilara on a full-time basis. There simply are no compelling reasons for taking the decision from the Department so hurriedly at this time and placing the child with someone not yet found eligible for a foster care contract pursuant to LSA-R.S. 46:281 et seq.
I am of the firm opinion that it is unquestionably in the best interest of the children for the judges of the Juvenile Court, as the duly elected representatives of the people and in their roles as professional referees, to have strong and ultimate control over the placement and destiny of juvenile chil *95 dren, rather than the Department, which is a legislatively-created agency, consisting of appointees, created to aid and assist the courts. However, both the Department and the juvenile judges must “play by the rules” as established by the legislature and the appellate courts.
For the foregoing reasons, I am of the opinion that the judgment of the Juvenile Court is clearly wrong and should be reversed.